EDWARD WEINFELD, as Commissioner of Housing of the State of New York, Plaintiff, *v.* KNICKERBOCKER VILLAGE, INC., Defendant.

First Department, March 7, 1941.

*Ira S. Robbins, Assistant Attorney-General,* of counsel [*John J. Bennett, Jr., Attorney-General*], for the plaintiff.

*Simon H. Rifkind* of counsel [*Hamilton McInnes*, attorney], for the defendant.

*Osmond K. Fraenkel* of counsel [*Nathan Dambroff* with him on the brief; *P. Wolf Winer*, attorney], for the tenant Paul Samberg as *amicus curiæ.*

O'MALLEY, J. The question presented is whether plaintiff, as Commissioner of Housing of the State of New York, has authority to compel defendant, a limited dividend housing corporation organized prior to July 1, 1939, to renew a lease. Concededly, the tenant meets the requirements for occupancy in a public housing project, and the refusal of defendant to renew was not predicated upon any discrimination because of race, color, creed or religion.

Defendant is a public limited dividend housing corporation formed in 1933 pursuant to the provisions of the State Housing Law (Laws of 1926, chap. 823). A total investment of some $9,500,000 was made, of which approximately some $8,050,000 was procured through defendant's first mortgage bonds purchased by Reconstruction Finance Corporation. The balance was represented by debentures and capital stock issued to and held by private investment interests and not by any governmental agency.

In July, 1934, defendant leased an apartment to one Paul Samberg and thereafter entered into other leases, the last in 1939 to expire September 30, 1940.

Due notice was given Samberg that this lease would not be renewed. No reason was assigned nor was any given on his further application for renewal.

Concededly, the State Housing Law contained no specific provision giving the State Board of Housing, then the administrative body, the power to compel a limited dividend company to accept an application for a lease or a renewal. Nor in our opinion may any such power be implied when the statute is read as a whole and where there has been no discrimination on the ground of race, creed, color or faith. While the State Board of Housing had authority to make proper regulations and rules within the powers conferred upon it by the Legislature, it had no power of a legislative nature. (*Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Matter of Small* v. *Moss*, 279 id. 288.) This it would have been attempting to exercise had it endeavored through a regulation or rule to gain the power to compel the making of a lease on grounds other than those specified.

In 1939 the State Housing Law was superseded by the Public Housing Law, and the State Housing Board as an administrative body had its powers transferred to the plaintiff Commissioner of Housing (Laws of 1939, chap. 808).█

The last sentence of subdivision 3 of section 182 of the Public Housing Law now reads: " * * * The Commissioner may approve or disapprove a lease or a renewal thereof, to a prospective tenant, and *may compel a housing company to accept a tenant* whose application for a lease or a renewal thereof is approved by the Commissioner." (Italics ours.)

It is urged that this provision now authorizes the Commissioner to compel a housing company to renew a lease even where refusal was not predicated upon any discrimination because of race, creed,

color or religion, provided, of course, the applicant comes within the income range and is otherwise eligible.

Whether this be the intent and force of the sentence quoted, we need not, and do not, now decide. In our view, this provision does not relate to any housing company project constructed prior to the effective date in 1939 of the Public Housing Law.

It is to be noted that, while the first two subdivisions of section 182 refer generally to all housing companies, subdivision 3 at the very outset relates to " dwellings in a housing company project *hereafter constructed*." (Italics ours.)

It is our view, therefore, that whatever be the effect of the provision in question, it does not relate to projects such as that of the defendant constructed prior to 1939. There is nothing to show an intent to make subdivision 3 retroactive, as in other sections of the Public Housing Law. On the contrary, there are express words showing that the particular subdivision was prospective only. This is also the opinion of the Attorney-General as disclosed in a letter to the plaintiff dated March 26, 1940, in answer to the latter's inquiry with respect to the question here presented.

It follows, therefore, that judgment should be directed for the defendant, but without costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously directed for defendant, without costs. Settle order on notice.