KNICKERBOCKER VILLAGE, INC., Landlord, v. GEORGE GREIF et al., Tenants.

Municipal Court of the City of New York, Borough of Manhattan, November 26, 1947.

*Kenneth C. Newman* and *Benjamin Newman* for landlord.
*William B. Sandler* for George Greif and others, tenants.

*John D. Allison,* tenant in person.

*Conrad & Smith* for Harry Wasserman, tenant.

GOODMAN, J. These proceedings are instituted by Knickerbocker Village, Inc. as landlord. In its petition and at the trial, the landlord conceded that it was directed by the Commissioner of Housing of the State of New York to institute these proceedings on two separate grounds; in some cases, on the ground that the tenant refused to file a written statement concerning the income of all the occupants of the tenant's apartment; and another series of cases wherein it was claimed the income of the occupants of some apartments was greater than that mentioned in the Public Housing Law of the State of New York.

Knickerbocker Village, Inc. is a public limited dividend housing corporation formed in 1933 pursuant to the provisions of the State Housing Law (L. 1926, ch. 823). This means that in 1933 this public limited dividend corporation, to wit, Knickerbocker Village, Inc., the landlord herein, entered into an agreement with the State of New York in substance as follows:

That the landlord will construct buildings on a site agreed upon;

That the landlord corporation will invest 33⅓% of the cost of the land and improvements, and that it will obtain 66⅔% of such cost on bond and mortgage.

That the construction of said buildings shall be under the jurisdiction of the State Housing Commission.

That the rent charged shall in no case exceed the sum, in the City of New York, of $12.50 per room;

That in no event shall the stockholders of the landlord corporation receive a dividend greater than 6%;

That in the event the earnings of the landlord corporation, over and above its carrying charges, be greater than 6%, such excess will revert to the State.

That in consideration of the landlord corporation agreeing to these terms, the State exempts said corporation from the payment of any and all franchise, organization, income, mortgage recording and other taxes to the State, and all fees to the State or its officers.

That said agreement provided that the agreement shall remain in force for a period of not less than twenty years. All the above enumerated provisions were contained in the State Housing Law as it existed in 1933, and it was with that in view that the Knickerbocker Village, Inc. and the State of New York entered into what I now call an agreement.

Some six years later, in 1939, the State Housing Law was repealed and a new law, known as the Public Housing Law, was enacted (L. 1939, ch. 808). This Public Housing Law contained a number of provisions concerning public limited dividend housing corporations which differed from those contained in the old law. The provision of particular significance to the cases now before us which was contained in the law of 1939, but was not found in the law of 1926, is subdivision 3 of section 182 of the Public Housing Law, which in substance limits the occupancy of the various apartments by providing that in no case shall they be used by persons or families whose aggregate annual income exceeds five times the rental.

It is the contention of the tenants that no provision of a law created six years after the contract was entered into can in any way affect the contract between the parties. As a matter of fact, the power of the Legislature to enact retroactive legislation was passed upon by the Appellate Division and the Court of Appeals in a case in which this very petitioner was a party defendant, namely, *Weinfeld* v. *Knickerbocker Village, Inc.* (261 App. Div. 383, affd. 286 N. Y. 590). The Court is of the opinion that the contract originally made can be enlarged only by consent, and not by legislative enactment. The landlord in this case, both in his petition and on the record during the trial, stated it had no objection to the tenancies, but instituted these proceedings solely at the request of the Commissioner of Housing, believing that if it failed to comply with the request of the Commissioner of Housing it would be subject to the penalties invoked by statute. Therefore, the pertinent question is whether the Commissioner of Housing had the power to direct the landlord to petition for the removal of these tenants.

The petition alleges that all tenants are monthly tenants. No leases were introduced in evidence. There was nothing before the court from which the court could find that the tenants in any way violated an obligation of their tenancies so as to place them within the purview of paragraph (1) of subdivision (a) of section 209 of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1899 *et seq.*).

For the reasons above enumerated, the court finds, first, that the Commissioner of Housing had no authority to require the institution of these proceedings; second, that the landlord has failed to place itself within the purview of section 209 of the Housing and Rent Act of 1947. The court therefore directs final order in favor of the tenant on the merits.