In the Matter of the Probate of the Codicil to the Will of FRED SEYMOUR, Deceased.

Surrogate's Court, New York County, December 31, 1947.

*Phelan Beale* and *John J. Budd* for Phelan Beale and another, as executors of Fred Seymour, deceased, petitioners.

*Wilkie Bushby* and *Philip C. Scott* for Allen L. Seymour and others, respondents.

*Irving C. Rutter* for Ruth G. Duff, respondent.

*Francis X. McGowan,* special guardian for Poppy Clark and another, infants, respondents.

DELEHANTY, S. The will of deceased dated July 27, 1938, was admitted to probate by decree dated June 13, 1947. Such decree recited the fact that codicils to such will dated January 29, 1944, and November 8, 1946, respectively, were before the court together with two extraneous paper writings respectively bearing like dates. The decree admitting the will contained a restraint upon the estate representatives " until such time as an appropriate decree of this court is entered disposing of said codicils and said extraneous writings ". A full hearing has now been had on the matters reserved.

It is now established that the codicil dated November 8, 1946, was subscribed by deceased, was published by him as his will to two witnesses then present, and that such witnesses thereafter subscribed their names as attesting witnesses. The competency of deceased was sufficiently established. Accordingly the codicil dated November 8, 1946, is entitled to probate. The parties agree and the court holds that the codicil of January 29, 1944, was effectively revoked by the codicil of November 8, 1946, and hence is not entitled to probate. The so-called extraneous writing which is also dated January 29, 1944, is without validity as a testamentary instrument since it was neither witnessed nor published as such an instrument by deceased. It must be denied probate.

These rulings leave for consideration only the extraneous instrument dated on the same date as the codicil which is now to be admitted to probate. This extraneous paper is on the printed letterhead of the hotel in which deceased resided. The body of the instrument was typed except for a blank space intended to be filled by the name of a beneficiary under it. The paper is addressed to the executors of deceased. It was present at the time the codicil of November 8, 1946, was executed. Its text refers to that codicil. The codicil in turn states that " a letter bearing even date " with it would be addressed to the executors. When the codicil had been duly executed deceased signed the extraneous paper of that date. He did not declare it to be a part of his codicil. The witnesses to the codicil were asked to witness the extraneous paper and did so. They were not asked to witness it as part of the codicil and their participation in the dealings with the extraneous paper was limited to their signing as witnesses to the fact of signature to it by

deceased. No attestation clause in respect of it was subscribed by the witnesses. There was no such clause on the extraneous paper.

After deceased's death this paper was found with the space in the body of it filled in with the name of an individual and in the handwriting of deceased. While there was some testimony designed to lead the court to say that the ink-writing of such name was on the paper before the witnesses and the deceased signed it the court finds as a fact that such name was not on the paper and finds as fact that the name was inserted by deceased at some time after he and the witnesses had respectively signed the extraneous paper.

Since the paper was neither subscribed nor published nor witnessed as a testamentary paper and since at the time when signed by deceased it bore no name of a beneficiary in it, probate must be denied.

Submit, on notice, decree admitting to probate the codicil of deceased executed on November 8, 1946 and denying probate to all other papers mentioned in the prior decree and the amended petition.