In the Matter of the Probate of the Codicil to the Will of FRED SEYMOUR, Deceased. RUTH GORDON-DUFF, Appellant; PHELAN BEALE et al., as Executors Named in the Will of FRED SEYMOUR, Deceased, et al., Respondents.— The evidence supports the contention of appellant that the name of the beneficiary inserted in the direction to the executors of November 8, 1946, was inserted by the testator prior to the execution of the document by the testator and the witnessing of the execution by the subscribing witnesses. The testator intended, and the witnesses understood, that the direction was to have testamentary effect. We find as a fact that the name of the beneficiary was inserted before execution and that the document was witnessed, published and is valid as a testamentary instrument. The findings of the Surrogate to the contrary are reversed and the decree modified so as to admit the document to probate, with costs to the appellant payable out of the estate. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ. [191 Misc. 954.]

MARIE MARKS, Respondent, v. PLANETARY RECREATIONS, INC., Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

KNICKERBOCKER VILLAGE, INC., Appellant, v. GEORGE GREIF et al., Respondents. KNICKERBOCKER VILLAGE, INC., Appellant, v. ANNA LACKOW et al., Respondents.— Assuming the authority of the State Board of Housing or its successor to adopt section 31 of its Regulations of 1936 and subsequent amendments of like effect, we consider them inapplicable to the existing statutory tenancies of the tenants in these proceedings and that they may not operate to deprive the tenants of their rights under the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 et seq.). It is not an obligation of their leases to surrender possession on attaining an income in excess of that which would allow them an original letting or renewal of their leases. Determination of the Appellate Term and the final orders of the Municipal Court in favor of the tenants are hereby unanimously affirmed, with costs to the respondents in all courts. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ. [191 Misc. 880, 874, affd. 191 Misc. 883.] [See post, p. 1055.]

IRVING GOLDBERG, Individually and in Behalf of All the Tenants Similarly Situated of Premises 200 West 108th Street, Borough of Manhattan, Respondent, v. EUGENE M. GRANT et al., Appellants.— Order unanimously modified to the extent of permitting the installation of an automatic elevator upon condition that it be operated and attended by an employee of the defendants at all times, and as so modified affirmed, without costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

LEONARD S. WEGMAN et al., Individually and as Copartners Doing Business under the Name of LEONARD S. WEGMAN & Co., Respondents, v. REPUBLIC CAMERA CORPORATION, Appellant. In the Matter of the Application of LEONARD S. WEGMAN et al., Individually and as Copartners Doing Business under the Name of LEONARD S. WEGMAN & Co., Respondents. REPUBLIC CAMERA CORPORATION et al., Appellants.— Order unanimously affirmed, with $20 costs .and disbursements to the plaintiffs. No opinion. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ. [See 275 App. Div. 709.]