Harold Baer, J.
This is an action submitted on an agreed statement of facts in which the plaintiff city seeks a judgment in the amount of $17,327.25 representing management and supervision fees for the period January 1, 1962 to June 30, 1975.
The defendant is a housing corporation organized in 1953 pursuant to the then Redevelopment Companies Law (L 1942, ch 845). The defendant contracted with the city for the construction of a project known as Kingsview Homes, the project was built and subsequently tenanted. At the time of the agreement (1953) the supervising agency was the Comptroller of the City of New York. Since then the Housing Redevelopment Board assumed that function and today the Housing and Development Administration supervises the project.
In 1963 the Legislature repealed the Redevelopment Compa *757 nies Law and re-enacted most of the provisions with some modifications as the Private Housing Finance Law. In the process, the Redevelopment Companies Law (L 1942, ch 845, § 19, as amd) relating to the fees was modified to provide for fees for the "audit, regulation and general supervision of the management of the company”. (Private Housing Finance Law, § 118.) The predecessor statute had only provided for fees relating to the construction stages of the development. The fees promulgated by the plaintiff are therefore relative only to the management and general supervision of the project.
At the outset it should be noted that there is no challenge to the power of the Legislature or supervising agency to promulgate such fee schedules, nor is there any question with respect to the reasonableness of the fees. The issues raised in the instant case are: (a) whether the agreement of 1953 which predates the existence of management or supervisory fees precludes such fees; (b) whether the statute purporting to vest power to collect such fees is unconstitutional as applied to defendant; and (c) assuming that such fees are valid, are all or part of the amount sued for barred by the Statute of Limitations.
It is the defendant’s contention that the agreement of April 23, 1953 precludes the city from collecting fees inasmuch as such fees were not contemplated by the parties to the agreement, and furthermore the subsequent statute authorizing fees is unconstitutional as applied to the instant case. Specifically, the defendant claims that section 10 of article I of the Constitution of the United States precludes the application of section 118 of the Private Housing Finance Law, inasmuch as it retroactively alters the contract’s terms and imposes new conditions or duties on the parties to the contract (see Matter of Wa-Wa Yanda v Dickerson, 18 AD2d 251; Carder Realty Corp. v State, 260 App Div 459, affd 285 NY 803, 286 NY 604; Fairhaven Apts, v James, 79 Misc 2d 569).
The defendant’s position with respect to this issue was advanced previously by the plaintiff in the case of Fruhling v Amalgamated Housing Corp. (9 NY2d 541). In the Fruhling case, the plaintiff sought to attack subdivision 3 of section 182 of the Public Housing Law which subjected the plaintiff to income surcharges. In Fruhling, as in the instant case, the statute had been amended so as to impose an additional duty or burden on the parties. In Fruhling, the court ruled that the applicability of subdivision 3 of section 182 was not unconsti *758 tutional as applied, because, as the court stated (pp 547-548): "Amalgamated in return for the privilege of incorporation under the statute, with the attending benefits conferred — such as tax exemptions in particular (State Housing Law, § 39)— expressly agreed in its certificate of incorporation 'that all real estate acquired by it and all structures erected by it, shall be deemed to be acquired for the purpose of promoting the public health and safety and subject to the provisions of the state housing law.’ {State Housing Law, § 30, subd. 13; emphasis supplied.) Needless to say, the State Housing Law thus incorporated by reference into Amalgamated’s charter, by which it and of necessity its stockholder tenants were bound, was always subject to change in the future (here by Public Housing Law, § 182) as required to effectively promote the objects for which the statute was enacted. ” (Emphasis supplied.)
Similarly in the instant case Kingsview Homes Inc. from its inception as a corporation was incorporated "pursuant to the terms and provisions of the Redevelopment Companies Law” (see articles 2, 6 and 13 of Kingsview’s certificate of incorporation). As such it was always subject to change in the future by amendment of that law. In addition, the agreement of April 23, 1953 evidences an agreement to abide by and be bound by the Redevelopment Companies Law. Therefore, any amendment to the law (now Private Housing Finance Law), as long as such amendments were reasonable, are and continue to be binding on the defendant.
The remaining question relates to the Statute of Limitations. The plaintiff concedes that its claim for fee arrears prior to October 19, 1966, some six years before the service of the summons and complaint in this action, is time-barred by CPLR 213. The defendant argues that CPLR 214 (subd 2) is applicable, and that the city cannot recover on the fees owed prior to the three-year Statute of Limitations contained therein. This court is of the opinion that the contract of April 23, 1953 evidences an agreement to be bound by the Redevelopment Companies Law (subsequently the Private Housing Finance Law) and that CPLR 213 is applicable. Accordingly, judgment should be awarded the plaintiff in the amount of $11,551.50.