■ HARRIET GLICKEL, Respondent, v. ST. JAMES REALTY CORPORATION, Appellant, et al., Defendants. ST. JAMES REALTY CORPORATION, Third-Party Plaintiff-Appellant, v. ANNA CASS et al., Third-Party Defendants-Respondents.— On the record in this case there is a failure of satisfactory proof of the existence of a dangerous condition—with notice to the landlord, actual or constructive—on which to predicate any liability on the part of the landlord. Accordingly, the landlord is entitled to a dismissal of the amended complaint as to it and to be relieved of costs in favor of the individual defendants and, as so modified, the judgment of the court below is unanimously affirmed, without costs. Settle order on notice. Order denying defendant's motion to vacate the judgment entered herein unanimously dismissed. No opinion. Concur— Peck, P. J., Breitel, Valente, McNally and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SALERNO, Appellant.— Judgment unanimously affirmed. No opinion. Concur— Peck, P. J., Breitel, Valente, McNally and Bastow, JJ.

■ In the Matter of MYRTLE POLLARD, Petitioner, against ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent.— Determination unanimously confirmed, without costs, and the petition dismissed. No opinion. Concur—Breitel, J. P., Valente, McNally and Bastow, JJ.

■ WILLIAM H. PURRING, Appellant, v. AMERICAN COLORTYPE COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. (See Stulsaft v. Mercer Tube & Mfg. Co., 288 N. Y. 255.) No opinion. Concur— Breitel, J. P., Valente, McNally and Bastow, JJ.

■ WONG NG NUEY, Appellant, v. JIM LEONG et al., Respondents.— Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. The trial court granted defendants' motion to set aside a verdict of the jury in favor of the plaintiff in this action for libel. Plaintiff, having established a prima facie case, it was error to dismiss the complaint. However, the verdict of the jury, in the interest of justice, may not be reinstated. The record is confused and incomplete as to the material underlying financial transactions between the parties prior to the publication of the libel. The plaintiff was unable to remember or unwilling to reveal what he did with the money he received from the pools, the clubs and the lodge. Moreover, plaintiff's testimony on the matter of his damages was patently not candid. The charge to the jury, in addition to containing conflicting instructions on the burden of proof, failed to clarify the issues for the jury. Concur— Breitel, J. P., Valente, McNally and Bastow, JJ.

■ JAMES G. ARCHER, Appellant, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur—Breitel, J. P., Valente, McNally and Bastow, JJ.

■ BETTY JANE FROCKS, INC., Respondent, v. ADLIE REALTY CORP., Appellant.— Determination, so far as appealed from, unanimously affirmed, with costs to the respondent. No opinion. Concur—Breitel, J. P., Valente, McNally and Bastow, JJ. [See post, p. 744.]

(February 21, 1957)

■ SARCO REALTY CORP. v. MAX MENDELSOHN et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Valente, McNally and Bastow, JJ.