Patrick J. Picariello, J.
This is a summary nonpayment proceeding wherein landlord seeks to evict the tenant on the latter’s alleged failure and refusal to pay rent for the months of May and June, 1963 and additional rent as expenses in the nature of reasonable attorney’s fees incurred by it in a prior holdover proceeding litigated between the parties.
The provision in the lease between landlord’s predecessor in interest and the tenant herein, which expired on December 31, 1948 and which landlord invoked to recover its said attorney’s fees as additional rent, reads as follows: “17. If tenant shall default in the performance of any convenant on tenant’s part to be performed by virtue of any provision in any article in this lease contained, landlord may immediately or at any time thereafter, without notice, perform the same for the account of tenant. If landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which will require the payment of any sum of money, by reason of the failure of tenant to comply with any provision hereof, or, if landlord is compelled to incur any expense including reasonable attorney’s fees in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default of tenant hereunder, the sum or sums so paid by landlord with all interest, costs and damages, shall be deemed to be additional rent hereunder and shall be due from tenant to landlord on the first day of the month following the incurring of such respective expenses.”
It appears that on June 20, 1962 landlord instituted holdover proceedings against the tenant, said proceeding being predicated on the tenant’s willful violation of an obligation of her tenancy. A trial of the issues raised by the tenant’s general denial resulted in a dismissal of landlord’s petition by the trial court and a final order rendered in her favor. Landlord appealed said determination and on April 4,1963 the Appellate Term reversed the final order of the trial court and directed a final order in favor of the landlord, tenant’s eviction being stayed on conditions with which she complied.
The order and decision of the appellate court precludes thD court from considering the various contentions raised by the tenant in this proceeding with respect to the landlord’s good *910 faith and its right to institute such holdover proceeding, the same having been implicitly and finally disposed of by the order and decision of said appellate court.
There can be no question but that the terms and conditions of the written lease (supra), except as to rental and duration, carried over into the so-called “ statutory tenancy ”, a tenancy which is not the conventional relationship of landlord and tenant but one which is created by statute and to which certain important, newly created, rights and obligations attach solely by virtue of the statute.
One of the most important newly created rights of the statutory tenant is that “ so long as the tenant continues to pay the rent, she may not be evicted except on one or more of the grounds specified in Section 52 of the Regulations.” Landlord herein seeks to evict the tenant because of her refusal to pay the “ additional rent ”, as alleged in its petition, incurred by it as expenses in the nature of attorney’s fees in a prior holdover proceeding. In this court’s opinion, this is clearly repugnant to, and violates, the spirit and intent of the Legislature when it enacted the emergency rent laws and this term and condition should not be so interpreted and should not be projected into the statutory tenancy.
However, our appellate courts have held that in a proper ease a landlord has the right to include as additional rent its expenses in the nature of reasonable counsel fees and to obtain a final order of eviction based upon tenant’s refusal to pay the same (Stakser v. Rodriguez, 23 Misc 2d 954; Matter of Ross v. Novod, 163 N. Y. S. 2d 787; Barrow Realty Corp. v. Village Brewery Restaurant, 272 App. Div. 262).
The sole question before the court is whether or not under the facts and circumstances of this case the said expenses incurred by the landlord in the prior holdover proceeding may be included in the instant proceeding and treated as ‘ ‘ additional rent ’ ’, and whether or not nonpayment thereof, or refusal to pay, may be made the basis for tenant’s eviction.
A careful analysis and consideration of the Stakser case (supra, p. 955), relied upon by the landlord, indicates that the court there held the same (nonpayment of the described “ additional rent ” being made the basis for an eviction) “ properly applies to a proceeding which the landlord is compelled to institute to collect the emergency rent ’ ’, citing the Barrow case (supra).
Obviously, the facts and circumstances under which landlord seeks tenant’s eviction in the instant proceeding are not similar te the circumstances under which the appellate courts in the *911 cited cases (supra) granted the landlords final orders which included such “ additional rent”. The holding of the court in the Stakser case (supra) is clear and unequivocal. It recites and applies the principle to proceedings which landlord is compelled to institute in order to collect emergency rent, and not to prior holdover proceedings.
Should the application of this principle be broadened so as to include 11 additional rent ’ ’ incurred by landlords in prior holdover and/or nonpayment summary proceedings? This court thinks not, for to do so would completely subvert the salutary purposes to attain which the emergency rent laws were enacted. It would thereby enable unscrupulous landlords nefariously to permit amassing attorney’s fees in countless prior proceedings to such an extent and in such an amount as to render it impossible and/or improvident for tenants to make payment thereof when called upon to do so in order to avoid eviction.
Moreover, it should be noted that nowhere in the paragraph of the lease invoked by the landlord is there any provision which enables the landlord to seek and obtain this drastic relief (tenant’s eviction) in the event tenant refuses to pay the described “ additional rent”.
Parenthetically, the other cases cited by landlord as authority for its position in the instant proceeding, viz., 207-17 West 25th St. Co. v. Blu-Strike Safety Razor Blade Co. (302 N. Y. 624) and Airways Supermarkets v. Santone (107 N. Y. S. 2d 187) are inapplicable here inasmuch as they were plenary proceedings instituted by landlord plaintiffs against tenants to recover attorney’s fees incurred by them as “ additional rent” under similar or like provisions of their leases. They were not summary nonpayment proceedings and the courts were not there confronted with or concerned with the ultimate relief of tenants ’ eviction, the relief sought herein by landlord.
Accordingly, this court finds that the additional rent as expenses in the nature of reasonable attorney’s fees incurred by the landlord in the prior holdover proceeding which tenant refuses to pay may not be included in the judgment for rent awarded to the landlord and the final order of eviction herein directed.
Although there was neither the proper customary demand made by the landlord for payment of the May and June rent (the demand made in June included the “additional rent”) nor a proper legal tender of payment made by the tenant, in order to obviate the necessity of another summary nonpayment proceeding (the payment of the “ additional rent ” having been the paramount issue in this proceeding) the court directs a *912 final order in favor of the landlord and finds judgment in its favor for $376, warrant to issue forthwith, execution stayed five days, without prejudice, however, to the landlord’s instituting of a plenary proceeding to recover its expenses in the nature of attorney’s fees incurred by it in the prior holdover proceeding under the terms of the lease and tenancy, should it be so advised. No costs.