Jawn A. Sandifer, J.
This is an action for nonpayment of rent for the month of June, 1967, in the sum of $77.15, plus legal fees in the sum of $50.
The tenant conceded that the rent has not been paid for the month of June. Consequently, the court finds for the landlord on this issue. However, the tenant resists the landlord’s claim for legal fees in the sum of $50.
The landlord relies upon paragraph 17 of a written lease, which reads as follows: “ If the tenant shall at any time be in default hereunder, and if the landlord shall institute an action or summary proceeding against the tenant based upon the default, then the tenant will reimburse the landlord for the expenses of attorney’s fees, costs and disbursements at the option of the landlord be deemed additional .rent hereunder, and shall be due from tenant to the landlord on the first day of the month following the incurring of such respective expenses, or on the first day of any succeeding month. ’ ’
On the trial of these proceedings, the tenant was represented by the Legal Aid Society. Without passing upon the reasonableness of the counsel fee under the terms of this standard clause in the lease the court finds it difficult to reconcile awarding counsel fees to the landlord as an item of cost where an indigent tenant is herself represented by the Legal Aid Society. *674 Strong public policy consideration requires that in a case such as this where the tenant is an indigent represented by the Legal Aid Society, such tenant should not be made or required to pay the landlord counsel fees under such a standard provision as we have here. The result of enforcement of this provision against this tenant would simply be to increase the judgment and make it even more difficult for the tenant to pay her rent.
While the court does not here pass upon the validity of this clause under the facts of this case, the court finds little distinction between the standard provision here and a similar provision in retail installment contracts. Section 402 of the Personal Property Law was amended by chapter 731 of the Laws of 1967 as of July 1,1967 as follows:
The last sentence of subdivision 6 of section 402 was deleted and a new subdivision, known as subdivision 6-a, was added, reading as follows: “ A provision in a contract or obligation which provides for the payment of attorney’s fees or the costs of attorney’s services incurred in a legal action or proceeding for collection shall be null and void.”
Accordingly, final judgment for the landlord in the sum of $77.15 only, counsel fees denied.