Howard E. Bell, J.
This is the third summary proceeding commenced by the petitioner (landlord) against the respondent (tenant), within the past 10 months, involving the same apartment. The first, a holdover proceeding, terminated in a final judgment for respondent dismissing the petition. The second, a nonpayment proceeding, terminated as follows: a stipulation was placed on the record in which respondent consented to a final judgment in favor of petitioner in the amount of $1,560; a hearing was conducted on the issue of respondent’s counterclaims for attorney’s fees in defending both of the above- *540 mentioned proceedings; and respondent was awarded a total of $550 on his counterclaims.
In the instant proceeding (the third) petitioner seeks to recover rent in the amount of $274.40 for the month of May, 1971, plus “ additional rent ” in the amount of $500, for attorney’s fees incurred in prosecuting the prior nonpayment proceeding against the respondent.
Prior to the commencement of the instant proceeding the rent for the month of May, 1971, in the amount of $274.40 was tendered to the petitioner but was rejected because it did not include the additional rent of $500.
Paragraph “ 17 ” of the lease provides as follows: “ If tenant shall default in the performances of any covenant on Tenant’s part to be performed by virtue of any provision in any article in this lease contained, Landlord may immediately, or at any time thereafter, without notice, perform the same for the account of Tenant. If Landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which will require the payment of any sum of money by reason of the failure of Tenant to comply with any provision hereof, or, if Landlord is compelled to incur any expense including reasonable attorney’s fees in instituting prosecuting and/or defending any action or proceeding instituted by reason of any default of Tenant hereunder, the sum or sums so paid by Landlord with all interest, costs and damages, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses.”
The respondent has interposed an answer that contains two counterclaims in addition to general denials and affirmative defenses. The first counterclaim seeks to recover the sum of $5,000 from the petitioner for harassment. The second counterclaim seeks to recover the sum of $1,000 as attorney’s fees, pursuant to section 234 of the Beal Property Law, in having to defend this proceeding.
At the time the stipulation of settlement was placed on the record all the parties were present in court and agreed to its terms. There is no doubt the parties understood that the final judgment in favor of the petitioner in the amount of $1,560, which was consented to by the respondent, covered all of the claims of the petitioner for rent. No provision was made therein for attorney’s fees as additional rent. If such fees had been desired it would have surely been placed in the stipulation, as were the terms of the new lease the parties negotiated.
*541 To grant petitioner a final judgment for attorney’s fees for the previous nonpayment proceeding would in effect be vacating and setting aside a settlement. 1 ‘ To permit settlements so made to be vacated except upon a showing of good cause therefor, such as fraud, collusion, mistake, accident or some other ground of the same nature * * * would open the door to possible abuse and make litigation interminable ” (Achtel v. Lieberman, 141 N. Y. S. 2d 750, 752; see, also, Downs v. Mortimer, 73 N. Y. S. 2d 416; cf. Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435). ‘ ‘ A contemporaneous mental reservation, or a subsequent change of mind as to the adequacy of a bargain which has been made, is wholly insufficient in law or equity to destroy a contract of compromise and settlement formally entered into by persons who at the time apparently believed that they have received the best price obtainable on their claim ” (8 N. Y. Jur; Compromise and Settlement, § 24).
The court believes that the attorney’s fees sought herein as additional rent were an afterthought on behalf of petitioner to recoup and/or offset the $550 recovered by the respondent on his counterclaims. Inasmuch as such fee was not included in the stipulation of settlement, the petitioner has waived the same and is not entitled to recover.
There are two additional issues presented herein that the court feels should be decided even though the above determination would dispose of this matter. The first of these is whether there was a lease in existence during the period for which petitioner received a final judgment for rent in the prior proceeding. If there were no lease, it follows that there is no paragraph 17 under which petitioner could claim attorney’s fee.
The respondent was an assignee of a lease that expired on October 31, 1970. A new lease dated April 21, 1971, was executed by the parties, to commence May 1, 1971. The rent recovered by the petitioner in the prior proceeding was for the months of November, 1970 through April, 1971.
It is conceded that the premises in question were covered by the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16 of City of New York). Section 50 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., provides that, “ No tenant, so long as he continues to pay the rent to which the owner is entitled, shall be denied a renewal lease as prescribed by this Code, nor shall he be removed from any dwelling unit by action to evict or to recover possession, by exclusion from possession, or otherwise, except on one or more of the grounds specified in this Code or in the Real Property Actions *542 and Proceedings Laws.” (Emphasis supplied). Section 60 of said code, relating to notices for renewal of leases, provides that the owner must notify the tenant in occupancy a certain number of days prior to the end of tenant’s lease term of such termination 1 ‘ and offer to renew the lease at the stabilization rent permitted for such renewal lease and otherwise on the same conditions as the expiring lease ”.
court is of the opinion that the respondent was a statutory tenant during the period in question and the terms and conditions of the old lease, except as to rental and duration, continued to May 1, 1971, when the terms of the new lease became effective (cf. Barrow Realty Corp. v. Village Brewery Rest., 272 App. Div. 262).
The second of the additional issues that should be decided is whether the petitioner would normally be entitled to recover in this summary proceeding attorney’s fees incurred in connection with the prosecution of a prior nonpayment summary proceeding. The law seems to be pretty well settled that, if the lease provides for the recovery of attorney’s fee as additional rent where the landlord is required to proceed against a tenant who is in default, the same may be recovered in a summary proceeding (Barrow Realty Corp. v. Village Brewery Rest., supra; Stakser v. Rodriquez, 23 Misc 2d 954; Matter of Ross v. Novod, 163 N. Y. S. 2d 787). The law does not appear to be settled, however, as to whether the attorney’s fees that were incurred in a prior proceeding against the tenant, may be recovered in a subsequent summary proceeding. A careful analysis of the Barrow and Stakser cases (supra) indicates the courts never really decided the precise issue presented herein. The court simply decided that the tenant’s failure to pay attorney’s fees incurred by the landlord in collecting emergency rent was a violation by tenant of a substantial obligation of the tenancy entitling the landlord to recover such fee in a summary proceeding. In discussing the issue, in Midboro Mgt. v. Epperson (39 Misc 2d 908, 911), the court stated: “ Should the application .of this principle be broadened so as to include ‘ additional rent ’ incurred by landlords in prior holdover and/or nonpayment summary proceedings 1 This court thinks not, for to do so would completely subvert the .salutary purposes to attain which the emergency rent laws were enacted. It would enable unscrupulous landlords nefariously to permit amassing attorney’s fees in countless prior proceedings to such an extent and in such an amount as to render it impossible and/or improvident for tenants to make payment thereof when called upon to do so in order to avoid eviction.” A different conclusion was reached *543 however, by the Appellate Term of the Supreme Court, Second Department, in Willoughby Midway v. Nathan (N. Y. L. J., June 17, 1971, p. 19, col. 7).
At the time the prior nonpayment proceeding was commenced, the petitioner had the right to demand therein attorney’s fees as additional rent and have the amount thereof fixed by the court. No such demand was made in the petition nor was any proof to that effect offered at the trial. Having chosen not to seek the attorney’s fees in that proceeding the petitioner is bound by its election and may not now violate the rule against splitting causes of action by commencing the instant proceeding (cf. Haviland & Co. v. Sphinx Co., 55 Misc 2d 448). Since the respondent’s obligation, though consisting of two promises (to pay the rent plus attorney’s fee as additional rent), is but a single obligation which may be enforced in a single suit, the petitioner was bound to assert its full claim in the prior proceeding (cf. Roe v. Smyth, 278 N. Y. 364).
If the petitioner were successful herein, another summary proceeding would probably be commenced to recover attorney’s fees incurred in connection with this proceeding. Litigation in this matter should end at some point. As the court stated in Haviland & Co. v. Sphinx Co. (supra, p. 450): “because repeated litigations may be oppressive and vexatious (see Kennedy v. City of New York, 196 N. Y. 19, 22) a litigant must take care to see that his suit encompasses all then due for any existing claim ’ ’.
With respect to respondent’s first counterclaim the court finds he has failed to prove same by a fair preponderance of creditable evidence and the same is dismissed.
The court also finds that justice will be served herein by dismissing the second counterclaim and entering judgment in favor of the petitioner in the amount of $274.40 for the May, 1971 rent, even though the same has been tendered and rejected.
Judgment should be entered accordingly. The issuance of the warrant is stayed for five days from the date hereof.