Richard S. Lane, J.
In this summary nonpayment proceeding the only really mooted issue is whether landlord may collect $180 as expenses and reasonable attorney’s fees incured in prior dispossess proceedings.
Landlord relies on the terms of the lease entitling it to charge for same as additional rent and on Barrow Realty Corp. v. Village Brewery Rest. (272 App. Div. 262). Tenant argues that the New York City Residential Rent Control Law and the maximum rent established thereunder would be violated, and cites Betty Jane Frocks v. Adlie Realty Corp. (9 Misc 2d 504, affd. 3 AD 2d 704, affd. 4 N Y 2d 750).
No doubt the Barrow case (supra) says what landlord claims, and it has been followed frequently (Stakser v. Rodriguez, 23 Misc 2d 954; Matter of Ross v. Novod, 163 N. Y. S. 2d 787; Madison Ave. Realty Corp. v. Imbrici, 199 Misc. 134; Reiss v. Schlossman, 84 N. Y. S. 2d 717; Searing v. Cohen, 191 Misc. 1006; see River View Assoc. v. Sheraton Corp., 33 A D 2d 187, 191; but see Midboro Mgt. v. Epperson, 39 Misc 2d 908). The Barrow case, however, arose under the emergency business space rent control statute (L. 1945, ch. 314), which has since lapsed and which was structured in a manner entirely different from the Residential Rent Control Law and without any supervisory rent agency. Under the former statute, the emergency maximum rent could, among other methods, be fixed by a lease (L. 1945, ch. 314, § 4, as amd.) and the Barrow court stressed the lease in its opinion. Under the latter statute, while it is true that under certain circumstances a lease may be taken into consideration in fixing the maximum rent, it requires filing with and approval by the rent agency, and then the maximum rent is expressed in dollars and cents rather than incorporating the lease by reference.
Tenant’s Betty Jane Frocks case (supra) of course does not concern attorney’s fees at all. Rather it considers the conflict between section 229 of the Real Property Law providing for double rent after a tenant fails to vacate in accordance with his own notice and an emergency rent control law, and the case holds that the rent control law takes precedence. If it takes precedence over another statute, certainly it must take precedence over a private agreement. Tenant’s authority is in my opinion better and later law, and I will not follow the Barrow case.
A pragmatic and not decisive factor in helping me reach the above determination is that, under the Barrow rationale, a *164 hostile landlord could amass attorney’s fees in prior proceedings to such an extent as to render it impossible for tenant to pay in order to avoid eviction (see Midboro Mgt. v. Epperson, 39 Misc 2d 908, 911, supra). Of course this horror could be nullified by the approach taken by my colleague Hon. Howard Bell in Seventy-Second St. Props. v. Woods (67 Misc 2d 539).
My determination does not mean that landlord may not collect attorney’s fees pursuant to a lease. All that it means is that landlord’s designation of same as additional rent is a fiction to which the court will not accede because it subverts the public policy of the rent control law, and that landlord accordingly is unable to collect in a nonpayment summary proceeding and dispossess for failure to pay. Landlord is still entitled to sue in a plenary action, and perhaps in aggravated circumstances failure to pay would constitute a violation of á substantial obligation of a lease warranting commencement of a holdover proceeding.
With respect to tenant’s motion to dismiss under the rule of Cohen v. Quionnes (N. 7. L. J., Nov. 24, 1971, p. 15, col. 2), it is denied. The simple answer is that nowhere is it required that landlord annex to his petition a copy of his multiple dwelling registration. Landlord’s pleading here fully complies with the rules of this court (22 NYCRR 2900.21). To the extent that tenant relies on the provision in section D 26^41.21 (subd. b) of the Administrative Code of the City of New York requiring the annexation of a receipt for the filing of such statement, the court considers same to be an unreasonable practice regulation under section 741 of the Real Property Actions and Proceedings Law (see Houston Realty Corp. v. Saturnino, N. Y. L. J., Dec. 27, 1971, p. 13, col. 3).
Landlord may have final judgment of possession and for the rent due for the months of November, 1971 through May, 1972 inclusive. Issuance and execution of warrant to be stayed for five days.