Bentley Kassal, J.
This summary proceeding was instituted to recover .rent due for the months of May and June and to recover as “ additional rent ”, counsel fees incurred in the prosecution of a prior summary proceeding against this tenant. The two months’ rent was paid subsequent to the tiling of the petition in this action, so that the monthly rent portion of this proceeding is no longer in issue. The question before the court is whether counsel fees incurred in prior summary proceedings may be recovered in this summary proceeding.
The Appellate Term, First Department, has held that the reasonable value of attorney’s fees for services in a prior summary proceeding may properly be included in the judgment awarded a landlord in a nonpayment proceeding. (117-127 West 48th St. Corp. v. Mellar, 71 N. Y. S. 2d 9; also, Willoughby Midway v. Nathan, N. Y. L. J., June 17, 1971, p. 19, col. 7.)
It is the decision of this court that the court retains jurisdiction to determine such additional amount, even though the monthly rents due have already been paid. Indeed, it has been held in other situations that the failure to pay incurred counsel fees, designated as ‘ '• additional rent ’ ’ in the lease, is a violation of a substantial obligation of the lease, for which the landlord is entitled to recovery in a summary proceeding. (Cf. Barrow Realty Corp. v. Village Brewery Rest., 272 App. Div. 262; Stakser v. Rodriquez, 23 Misc 2d 954; Matter of Ross v. Novod, 163 N. Y. S. 2d 787.)
The case at bar should be distinguished from Midboro Mgt. v. Epperson (39 Misc 2d 908), which involved rent-controlled residential premises and, in any event, is not binding upon this court. Another case cited by the tenant is inapposite since the landlord there no longer possessed title to the premises and the landlord-tenant relationship had ceased to exist (East Bronx Props, v. James, 200 Misc. 180).
Moreover, if we failed to allow recovery in this proceeding, it may subsequently be held that any independent claim for this “ additional rent ” constitutes an improper splitting of the *762 landlord’s cause of action. (See Seventy-Second St. Props. v. Woods, 67 Misc 2d 539; Columbia Corrugated Container Corp. v. Shy way Container Corp., 37 A D 2d 845.)
There is a subsidiary problem presented by tenant: that in nó event can there be an order of eviction even if a judgment in a summary proceeding does lie for such sum. This presents the court with the necessity for defining this issue so that there shall be no ambiguity in this regard.
As a matter of business practice and policy, commercial leases designate certain tenant’s obligations as “ additional rent ” to enable the landlord to enforce them effectively and to proceed summarily against a tenant who defaults in this obligation. In fact, the lease herein describes the real estate taxes, sewer and water charges, assessments, vault and rental taxes, etc. as tenant’s obligations and then proceeds to spell out that counsel fees in connection with such defaults shall be additional rent. In my opinion, these obligations are sufficiently material to the lease to warrant their enforcement by a warrant of eviction. Failing to do so would result in the tenant not performing its material obligations as diligently as agreed and would place the landlord in a difficult position. This is especially true where the parties are both businessmen, were represented by counsel, and have agreed to a comprehensive 40-page instrument covering a 10-year net leasehold at a substantial rental. The expression “ additional rent ” is deliberately used as words of art, and is well known in the real estate industry as being as enforceable as the monthly rental. Therefore, the failure to pay ‘ ‘ additional rent ” under a commercial lease may be the basis for an order and warrant of eviction and not only for a money judgment.
Tenant raises a further defense pertaining to the language of this provision, which states: “14. If Tenant shall default in the performance of any material covenant on Tenant’s part to be performed by virtue of any provisions in any article in this lease contained, Landlord may immediately, or at any time thereafter, without notice, perform the same for the account of Tenant. If Landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which will require the payment of any sum of money, by reason of the failure of Tenant to comply with any provision hereof, or, if Landlord is compelled to incur any expense including reasonable attorney’s fees in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default of Tenant hereunder, the sum or sums so paid by Landlord with all *763 interest costs and damages shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses.”
At the trial, the landlord’s witness, its attorney, testified that the bill for counsel fees had been sent landlord for $2,500 plus disbursements but it had not been so paid nor did they expect to look to the landlord for payment, which was the reason for this proceeding. The tenant now defends on the ground that the sums were not ‘ ‘ so paid ’ ’ by landlord and therefore are not collectible by landlord under this provision.
I am rejecting that contention since, in my judgment, the real significance of the clause is apparent, namely, to indemnify the landlord for counsel fees if tenant defaults. To require the landlord actually to pay such sums and then seek reimbursement from the tenant unnecessarily encumbers the procedure. In either event, the necessity for and reasonableness of the legal services is a question for the court. I am looking to the essential understanding of the parties clearly extractable from this clause and I am ruling that there has been sufficient compliance therewith.
Accordingly, after considering all the legal steps required by tenant’s defaults and after having pruned and eliminated unnecessary work, including occasional duplication of counsel, the use of an office associate to deliver papers, etc., I find that the fair and reasonable value of legal services necessarily expended by reason of such defaults, to be the sum of $1,500 with disbursements of $31.20 and final judgment shall be so entered with interest from May 17, 1972. A warrant of eviction shall issue herein after a five-day stay.