Eli H. Mellan, J.
TMs is a nonpayment of rent .summary proceeding which came on to be heard before this court on October 16, 1974 with the landlord petitioner being represented by an attorney and the tenant respondent represented by the Community Legal Assistance Corporation. At the hearing of this matter it was indicated that subsequent to the commencement of this proceeding, the respondent did make payment of the rent due and owing on October 1, 1974 in the sum of $243, but failed and refused to make payment of the arrears indicated for the preceding month in the .sum of $122 which arrears consisted of accumulated legal fees occasioned by the prior defaults of the respondent.
The sole argument advanced in behalf of the respondent was that the respondent is an indigent welfare recipient and that, therefore, any claim for attorneys’ fees notwithstanding the provision of her existing lease could not :be enforced or recovered. No other defense was advanced or claimed in behalf of the respondent.
The court, therefore, reserved decision for the sole purpose of affording an opportunity to submit law on this singular legal question.
The petitioner bases his claim on fairly standard provisions found in many if not most leases to the effect that if the landlord incurs expenses ‘ ‘ including reasonable attorneys fees in instituting, prosecuting and or defending any action or proceeding instituted by reason of any default of tenant hereunder, the sum or sums so paid by landlord with all interest, costs and damages shall be deemed to be additional rent hereunder and shall be due from tenant to landlord on the first day of the month following the incurring of such respective expenses ”. No issue was raised at the trial regarding the question of1 fact of whether or not the landlord did in fact incur these legal expenses, nor was there any claim of a failure to make demand for the additional rental. The only issue argued and on which law was to be submitted was the question stated above.
*571 On this question two cases were submitted namely, Republic Co. v. Medina (75 Misc 2d 279) and Matter of Edot Realty Co. v. Levinson (54 Misc 2d 673). The Republic Co. case merely cited the Edot Realty .case without comment or further advanced reasoning. The Edot Realty case on the other hand merely states without citing any legal precedent that strong public policy consideration requires that where the tenant is an indigent represented by the Legal Aid Society, such tenant should not be made or required to pay the landlord’s counsel fees notwithstanding the fact that the written lease agreement requires such payment. The court mentions section 402 of the Personal Property Law which was amended in 1967 by providing under subdivision 6-a that a provision in a contract for the payment of attorneys’ fees in a legal action for collection of defaults under installment sales contracts shall be null and void. It was subsequently held, however, that this amended section is limited to installment sales contracts as are in fact described under section 402 of the Personal Property Law and, therefore, has no effect whatsoever on any other written agreements including the lease agreement involved in this proceeding. (See National Bank of North Amer. v. Round The Clock Truck Serv., 58 Misc 2d 660.)
In the opinion of this court it is not proper under the guise of public policy to ignore already existing legal agreements. The mere fact that a tenant receives welfare is not sufficient to negate, cancel out or cause to be null and void a written provision in a lease requiring the tenant to pay attorneys’ fees because of the tenant’s default and this notwithstanding the fact that the tenant is indigent and must look to the county for the meeting of the tenant’s obligations. Assuming that the Legislature ultimately decided to enact a provision similar to subdivision 6-a of section 402 of the Personal Property Law to become applicable to the standard lease provision involved in this proceeding, there is indeed a question as to whether the enactment of such a statute would affect already existing written leases and there is no doubt, as extensively commented upon under New York Jurisprudence (vol. 9, § 256) with a long list of cited cases that conform to the long-established rule of law, the obligation of the contract is measured by the laws in force and effect at the time that the contract is entered into. Furthermore, the obligation under contracts cannot even be impaired by the New York State Constitution and there are extensive limitations both under the Federal and State Constitutions as to statutory actions affecting already existing obligations under contracts. (See 9 N. Y. *572 Jur., Constitutional Law, § 254 and cases cited thereunder.) Thus, it is the view of this court that the court cannot take upon itself because of strong public policy considerations the power to do what cannot be done by the various State Legislatures or the Federal Government. Therefore, final order is entered in favor of landlord with a money judgment based upon the arrears and legal fees in the sum of $122 and the execution of warrant is stayed to and including October 29,1974.