George J. Panagot, J.
In this summary proceeding petitioner landlord seeks to recover possession of real property for the nonpayment of rent.
The petitioner seeks rent for the month of March, 1976 in the amount of $270 plus realty tax in the amount of $3.28 and attorney’s fees in the amount of $33.
The rent and realty tax has been paid and the only issue before this court is whether the petitioner landlord is entitled to recover legal fees from the respondent tenant who is an indigent welfare recipient.
The question of legal fees in summary proceedings has come before the courts on several occasions and there have been *779 decisions pro and con on awarding legal fees to landlord’s attorney against an indigent welfare recipient.
In this court (Republic Co. v Medina, 75 Misc 2d 279 [Barbiero, J.]) the court denied legal fees from an indigent welfare recipient who was represented by the Legal Aid Society. The Trial Judge held that strong public policy dictated that the petitioner landlord should not be allowed to recover attorney’s fees against an indigent welfare recipient.
In Fairhaven Apts. v James (79 Misc 2d 569), Judge Mellan held to the contrary. The Trial Judge held, inter alia, that the fact that the tenant was indigent and received welfare assistance was not sufficient to cancel out, negate or nullify a written provision in the lease requiring the tenant to pay as additional rent attorney’s fees incurred by the landlord because of the tenant’s default. Judge Mellan further held that obligations under a contract cannot even be impaired by the State Constitution.
In Matter of Edot Realty Co. v Levinson (54 Misc 2d 673), the court mentioned, inter alia, subdivision 6-a of section 402 of the Personal Property Law and held that that section applied to leases. This court holds a contrary position and in this court’s considered opinion subdivision 6-a of section 402 of the Personal Property Law refers to retail installment contracts only and it is this court’s considered opinion that a lease is not a retail installment contract.
The paragraphs of the lease in question dated November 7, 1975, which refers to attorneys’ fees, are paragraph 18 of the printed portion of the lease and paragraph 39 which was typed on a rider.
Paragraph 18 reads as follows: "If summary proceedings shall be commenced against the Tenant or if the Tenant is dispossessed for non-payment of rent, or as a holdover or for any other cause, the Tenant agrees to pay all expenses incurred by the Landlord in dispossessing or instituting a dispossess proceeding against the Tenant. If not paid on demand, the amount of said expenses may be added to the next month’s rent then due or the rent for any subsequent month. That in any event such reasonable counsel fees to which the Landlord shall be entitled and which the Tenant shall be obligated to pay shall be a sum not less than fifteen per centum (15%) of the amount of the rent and/or other charge as to which the Tenant has defaulted in payment, or the sum of $50.00 whichever amount is greater. That this statement as to such mini *780 mum amount shall not prejudice the right of the Landlord to a greater amount for counsel fees for which the Landlord has incurred liability, when warranted. That this provision for the payment by the Tenant of counsel fees shall likewise be applicable to any action or other proceeding instituted by the Landlord to enforce the payment of rent and/or other charge hereunder.” (Emphasis added.)
Paragraph 39 reads as follows: "Summary proceedings shall be deemed commenced under paragraph 18th hereof upon the service of any notice (such as a three day notice or oral notice) prerequisite for the start of same under law. The expense referred to in said paragraph 18th may be added to the amount due in such proceeding and collected therein.” (Emphasis added.)
This court also rejects the argument that contractual agreements for the reimbursement of attorneys’ fees are against the public policy of this State. In fact, the contrary is true (379 Madison Ave. v Stuyvesant Co., 242 App Div 567, affd 268 NY 576).
The tests are whether the fee arrangement is unconscionable, whether it is reasonable, whether the fees are sought in connection with the original action and there is no splitting of a cause of action, and that the provisions for the attorneys’ fees are not in the nature of a penalty.
This court also rejects the argument that because a respondent is an indigent he is not bound to his contractual obligations. There is nothing in our State Constitution which permits the State or any subdivision thereof to allow any person to disregard for reasons of poverty his contractual obligations. In fact, such acts by the State or any subdivision thereof are prohibited by our Federal Constitution (US Const, art I, § 10).
The court takes judicial notice that food, clothing and shelter and employment are necessities of life and hence, the lease in question is a contract of adhesion.
Paragraph 39 of the lease in question states, inter alia, that summary proceedings shall be deemed commenced under paragraph 18 upon the service of any notice (such as three-day notice or oral notice).
In other words, if the landlord gives oral notice to vacate, this would commence the proceedings and the landlord would be entitled to legal fees without doing anything further. The landlord would be entitled to legal fees every time he gave *781 notice. Furthermore, under paragraph 39 of the lease in question, the landlord would be entitled to attorneys’ fees whether he was successful or not in the proceeding.
This the court finds unconscionable and in the nature of a penalty.
If the relevant paragraphs of the lease had provided that reasonable legal fees would be awarded to the successful party, this in the court’s opinion would not be unconscionable and would not be in the nature of a penalty. (See Wiedman v Tomaselli, 81 Misc 2d 328, affd 84 Misc 2d 782.)
The court has read briefs submitted by attorneys on both sides and commends both attorneys on the research of the law on this subject.
The reasonableness of the fee involved is not the issue here.
The crux of this case is that paragraph 18 and paragraph 39 of the lease in question, taken together, is in the nature of a penalty, unconscionable and therefore unenforceable.
Attorney’s fees denied to petitioner landlord.