*143 OPINION OF THE COURT
Eli H. Mellan, J.
The within nonpayment of rent summary proceeding has been submitted by written stipulation on an agreed statement of facts. Therefore, notwithstanding any facts urged upon the court by the petition or amended verified answer, the facts, as derived from the written stipulation, are deemed to be the following:
Respondents are in possession of premises pursuant to a written lease and renewal agreement. There were two prior summary proceedings for nonpayment of rent, one commenced by the petitioner on October 15, 1981 and another on December 14, 1981. Both proceedings resulted in judgment for the landlord but for possession only without any money judgment having been entered due to the manner of service of the notice of petition and copy of petition limiting the jurisdiction of the court to grant j judgment for possession and not for any money judgment.
The present petition dated January 19,1982 seeks recovery of amounts which would come under the category of alleged charges of “additional rental” consisting of late charges, marshal fees, and attorney’s fees.
While the petition lists each of the items sought to be recovered, the language of the petition sets forth that there was due to landlord from respondent “rent as follows” listing each charge but without specifying that these items came under the category of “additional rent”. The lease provisions are clear. With respect to the late charge the lease specifically states that late charges shall be enforceable as additional rental at any time after same becomes due. The demand for reimbursement of the late charge in the petition is clearly designated as such so that the respondent has due notice that the amounts sought to be recovered are as additional rental even though not so specified. There is no need to amend the petition to include the words “additional rental” but if such were necessary the court believes that the petitioner very correctly argues that same would not be a jurisdictional defect and therefore the petition would be amendable, although as stated by the court, it does not believe that an amendment is *144 needed in this instance. (Jackson v New York City Housing Auth., 88 Misc 2d 121.)
The present summary proceeding, commenced January 19, 1982 seeks October “marshal fees”, December “back legal” fees, December late charges, December marshal fees, December court disbursements, January late charges and the cost of this summary proceeding. As stipulated by both respondent and petitioner, the balance of January’s rent ($125) was tendered on January 10, 1982 by tenant; however, petitioner landlord refused unless the above-mentioned fees were paid. Respondent tenant has appeared by an attorney from the Nassau County Law Services; both parties have submitted memoranda of law to the court.
The first issue that petitioner landlord has set forth is his right to recover legal fees based on clause 8 of a lease dated May 28, 1981 and signed by the respondent tenants. Clause 8 provides: “Fees and Expenses: If the tenant shall fail to pay the rent or any item of additional rent when due or shall otherwise fail to obey any agreement, promise or perform any duty and the landlord shall be required to spend any money or become obligated to expend any money, including but not limited to attorney’s fees in prosecuting any action or proceeding, including a summary proceeding against the tenant or in bringing any action against a person not a party to this lease, or in defending any action or proceeding brought by a person not a party to this lease, such expenses shall be deemed additional rent. Landlord may enforce the payment of any items of additional rent by a summary proceeding.”
Petitioner landlord maintains that when required to proceed against tenant due to a default in a rental payment, the necessary attorney’s fees are to be treated as additional rent.
Respondent tenant alleges clause 8 to be unconscionable and in the nature of a penalty. Respondent compares clause 8 to a clause which was at issue in Weidman v Tomaselli (81 Misc 2d 328, affd 84 Misc 2d 782). In Weidman, the lease in question required a fixed, arbitrary amount ($100) plus court costs and disbursements payable by tenant at the commencement of any legal proceedings, *145 regardless of the judicial determination of the claim. The Rockland County Court held that the fixed amount was in the nature of a penalty having no connection with the actual costs incurred by the landlord. Furthermore, the wording of the clause requiring the fee payable at the commencement of any suit or proceeding regardless of the outcome was declared unconscionable.
The Weidman case may be distinguished from the case at bar in that clause 8 neither states an arbitrary amount due as legal fees, nor does it require the payment of fees due at the commencement of the action or proceeding by the landlord.
This court is inclined to agree with the general interpretation of this type clause in that when the landlord is required to proceed against the tenant(s) for the payment of rent or for the breach of some other material term of the lease, the necessary and reasonable legal fees when expressly agreed upon by tenant may lawfully be treated as additional rent. (379 Madison Ave. v Stuyvesant Co., 242 App Div 567, affd 268 NY 576; Morningside Studios v Lucille Hotel Corp., 70 Misc 2d 760.) Hence, this court has subject matter jurisdiction.
Clause 8 is not a penalty despite the absence of the word “reasonable” in the language since the court will only award those costs allowed by statute. The costs available in District Court are the statutory sums for each tenant served and the fee for the issuance of the notice of petition, if it has been paid. The actual expenses of the petitioner are not the measure of costs, only the amounts allowable by statute. (UDCA, § 1903, subds [d], [m]; § 1911, subd [a], par [1].)
Furthermore, implied in the lease provision authorizing a charge to tenant for landlord’s legal expenses is a corresponding obligation of the landlord to pay tenant’s legal expenses in a successful defense of any proceeding or action commenced by landlord against tenant arising out of the lease. (Real Property Law, § 234.)
With respect to the late fee, clause 30 provides: “In the event the landlord fails to receive any monthly payment by the 10th of any month in which payment is due, tenant *146 agrees to be liable for additional $20.00 late charge. Such late charge shall be enforceable as additional rent at any time after same becomes due hereunder without the necessity of any billing therefor. Such late charge shall not authorize rental payments after the first of any month and the same shall be due in addition to such other remedies landlord has for a non-payment of rent on the 1st day of any month.”
In determining the enforceability of such clause the primary question to be considered is whether in fact such clause is a “penalty” as alleged by respondent tenant. The Rockland County Court recently found a lease provision requiring a $50 late fee if the rent ($405) was not paid within the first 10 days of the month, to be unconscionable and void. (See Spring Val. Gardens Assoc, v Earle, 112 Misc 2d 786.) In addition to using the adhesion contract standard of Weidman v Tomaselli (supra) to find the clause unconscionable, the court found the late fee clause not within the definition of “rent” as per in Emergency Tenant Protection Act regulations, to which this apartment was subject. The prior lease had a late fee provision of $10 and this new $50 fee had not been approved by the division of housing, as required by law.
In examining clause 30 in this case (with the Weidman unconscionable tests in mind) there is no indication that the $20 charge is unnecessarily one-sided in effect. The rent is due on the first day of each month and the late fee is not incurred until the 10th day of the month. Certainly within 10 days, a third of the rental period, the tenant should tender the rent if the intent to respect and perform the lease agreement exists. However no late fee will be awarded for January since it was stipulated that tenant tendered the balance of January’s rent on January 10, 1982.
The next issue posed is whether the petitioner landlord in this proceeding should be entitled to expenses heretofore sought since such recovery shall constitute the “splitting” of the previous cause of action. Should counsel fees incurred in prior proceedings be covered in this summary proceeding?
*147 In prior actions (October and December) the petitioner landlord has already sought judgment for expenses incurred during those periods of time; recovery of those expenses was precluded since the court did not have personal jurisdiction over the tenant.
The respondent alleges that a prior summary proceeding between these same parties acts as a bar to the instant proceeding and the petitioner is splitting his cause of action.
To support his request for expenses incurred as far back as October, petitioner landlord quotes Morningside Studios v Lucille Hotel Corp. (supra). The subject of this case was a commercial lease where the failure to pay “additional rent” (including attorney’s fees) was deemed material to the lease agreement. Here the court acknowledged that both parties were businessmen, represented by counsel and agreed to all the terms of the lease; this situation allowed the landlord to recover reasonable attorney’s fees incurred in prior summary proceedings.
The court agrees with respondent tenant with respect to the legal fees and late charges for October, November and December. These charges were part of earlier proceedings and may not now be awarded. The comparison to a commercial lease between businessmen and Morningside offered by petitioner landlord to this residential lease is inappropriate. The lease entails a single obligation which requires landlord to assert its entire claim for attorney’s fees and/or late charges in one action. Failure to make a claim or to recover attorney’s fees or late charges in previous actions precludes petitioner landlord from now splitting the cause of action and seeking those fees in this proceeding. Therefore, the only fees recoverable in this proceeding, if due, are January’s attorney’s expenses as allowed by statute.
The question presented is whether or not the petitioner can proceed to sue for the additional rental charges when same were recoverable within the proceedings already concluded which resulted in final judgment in favor of the petitioner landlord but for possession only. In the court’s opinion this would in fact be violative of the restrictions *148 against splitting causes of action. If the landlord petitioner chooses to proceed with effectuating service by conspicuous or any service other than personal service thereby precluding him from recovering a money judgment, this does not afford the petitioner an opportunity in a subsequent proceeding on the same charges to make a further attempt to recover rental which he failed to recover in a prior proceed-, ing already concluded. (Weidman v Tomaselli, 81 Misc 2d 328, affd 84 Misc 2d 782, supra; Columbia Corrugated Container Corp. v Skyway Container Corp., 37 AD2d 845, affd 32 NY2d 818.)
The last issue is whether the petitioner landlord is entitled to recover legal fees from the respondent tenant who is an indigent welfare recipient. The respondent recites section 402 of the Personal Property Law and public policy by which such a tenant ought not to be compelled to pay legal fees under standard lease provisions as reasons for denying recovery by landlord. (Matter of Edot Realty Co. v Levinson, 54 Misc 2d 673; Republic Co. v Medina, 75 Misc 2d 279.)
This court rejects the reasoning of the above-mentioned cases. The argument that legal fee provisions in leases are per se unconscionable has constantly been rejected (379 Madison Ave. v Stuyvesant Co., 242 App Div 567, supra), nor can such fees be viewed as per se unconscionable when tenant is a recipient of public assistance.
This court has previously held that the public policy and section 402 of the Personal Property Law are not sufficient to enable a tenant on public assistance to avoid contractual obligations. (Fairhaven Apts, v James, 79 Misc 2d 569.)
Thus the indigency of the respondent tenant does not preclude the award of costs to the petitioner landlord according to provisions of a lease.
Thus notwithstanding the fact that there may be other reasons why provisions for exacting additional rental by way of attorney’s fees or other charges may in fact be unconscionable, punitive and illegal, the mere fact a respondent lacks the funds or is indigent would not be a defense to such provision. *149 With reference to late charges, where the amount specified as a late charge is disproportionately onerous as compared to the amount of rent involved, this likewise would be a penalty and similarly unconscionable. (See Spring Val. Gardens Assoc, v Earle, 112 Misc 2d 786, supra.)
In the instant case there were no arrears in the present petition with respect to current rental due since the agreed statement of facts sets forth that rent was in fact paid for January and an amount tendered for accrued late charges which was refused by the petitioner. The charges resulting from the prior proceedings which culminated in splitting the causes of action were not recoverable in the instant proceedings. Therefore the court finds on the basis of these facts and circumstances that the petitioner is not entitled to recover any of the amounts sought within the petition and judgment is entered in favor of the respondent herein.