[No. 23156-5-II. Division Two. August 13, 1999.]
IRENE KETTNER, *Respondent* v. JIM BUCHANAN, ET AL., *Appellants*.

---

[27]*Maranatha*, 59 Wn. App. at 804.

[28]RCW 2.06.040.

*Dan Robert Young* of *Bjorklund & Young*, for appellants.

*David C. Hammermaster* of *Hammermaster Law Offices*, for respondent.

*David R. Koopmans* and *Walter Hartvig Olsen, Jr.* of *Short Cressman & Burgess P.L.L.C.*, on behalf of Manufactured Housing Communities of Washington, amicus curiae.

MORGAN, J. — Jim and Fay Buchanan appeal late fees imposed by the trial court. We affirm.

At the times material here, Buchanan[1] rented a space in Kettner's mobile home park. The written rental agreement provided in part:

> 1. RENT/TERM. Landlord rents to Tenant and Tenant rents from Landlord, Lot No. 14, . . ., at a minimum monthly rental of TWO HUNDRED SEVENTY FIVE & no/100 Dollars ($275.00), payable in advance on or before the first day of each month during the tenancy.
>
> . . .
>
> 5. LATE CHARGES. Tenant agrees that if full rent, fees, and other charges are not received by the 5th day of each month, Tenant shall pay Twenty and no/100 Dollars ($20.00) as a late fee, and an additional fee in the amount of Two Dollars and no/100 ($2.00) per day thereafter . . . . [L]ate fees, other charges, and check return fees are in addition to and part of the rent due for that month.

On January 5, 1998, Kettner sued to evict Buchanan for nonpayment of rent. She also claimed fees in accordance with the rental agreement.

On February 9, 1998, at a show cause hearing, Buchanan claimed that the $2.00 per day late fee should not be enforced. Disagreeing, a court commissioner ordered the Buchanans to pay rent through February, late fees as provided in the rental agreement, reasonable attorneys fees and costs. After unsuccessfully seeking revision, Buchanan filed this appeal.[2]

On appeal, Buchanan contends that the $2.00 per day

---

[1]For convenience, we refer to the Buchanans in the singular.

[2]Kettner has moved to dismiss the appeal on grounds it had to be filed, but was not filed, within 30 days of the commissioner's ruling, as opposed to the superior court's ruling. We deny the motion. We also note that Kettner is supported on appeal by the Manufactured Housing Communities of Washington, which has filed a brief as amicus curiae.

late fee is a liquidated-damages clause that imposes a penalty. Thus, she says, the clause is unenforceable.[3]

Kettner responds in two ways. First, she says that the $2.00 per day late fee is not a liquidated-damages clause at all, but rather consideration "akin to rent." Second, she says that even if the $2.00 per day constitutes liquidated damages, it is reasonable and thus not a penalty. We focus on the second response, which is dispositive.

 A clause setting liquidated damages is favored and will be enforced if reasonable and not a penalty.[4]

> As distinguished from liquidated damages, a penalty is a sum inserted in a contract, not as the measure of compensation for its breach, but rather as a punishment for default . . . . It is the payment of a stipulated sum on breach of contract, irrespective of the damage sustained. Its essence is a payment of money stipulated as in terrorem of the offending party, while the essence of liquidated damages is a genuine covenanted pre-estimate of damages.[5]

To determine whether a particular contract calls for liquidated damages or a penalty, a court examines the reasonableness of the parties' estimate of the loss at the time the contract was formed.[6] One relevant factor is whether damages were easy or difficult to estimate in advance.[7] Another relevant factor is whether the damages actually incurred, if any, are "so disproportionate to the

---

[3]We choose not to address the parties' dispute as to whether the superior court judge properly declined to consider Buchanan's motion for revision. Instead, we move directly to the merits of the Commissioner's ruling.

[4]*Wallace Real Estate Inv., Inc. v. Groves*, 124 Wn.2d 881, 886, 881 P.2d 1010 (1994).

[5]*Management, Inc. v. Schassberger*, 39 Wn.2d 321, 326, 235 P.2d 293 (1951) (quoting 15 AM. JUR. 672, *Damages* § 241).

[6]*Wallace*, 124 Wn.2d at 893; for the traditional approach, *see id.* at 889; *Management, Inc.*, 39 Wn.2d at 327-28; RESTATEMENT OF CONTRACTS § 339 at 552 (1932).

[7]*Wallace*, 124 Wn.2d at 893; *Watson v. Ingram*, 124 Wn.2d 845, 853, 881 P.2d 247 (1994).

estimate that to enforce the estimate would be unconscionable."[8]

Here, the parties characterize Kettner's claim for damages in very different ways. Buchanan's premise is that Kettner's claim is for overdue rent only. Based on that premise, he says that the $2 per day is "interest" at an "effective annual . . . rate" of over 261 percent.[9] In contrast, Kettner's premise is that her claim is for eviction and all damages related thereto, including but not limited to overdue rent. Based on that premise, she says that "the amount of damages that a landlord may incur . . . is uncertain,"[10] but it includes "expenses such as underlying mortgages, utilities and other associated fees that must be paid."[11]

In our view, Kettner's premise is the correct one. Her claim is for eviction and damages related thereto, including but not limited to overdue rent. As such, it is not liquidated, and the parties were entitled to estimate its amount at the time they entered into a rental agreement. The amount they agreed upon, two dollars per day, seems to us to have been a reasonable prognostication of her future claim. If the clause in issue here called for liquidated damages, it was not a penalty and it was enforceable.[12]

Kettner is entitled to reasonable attorneys fees on ap-

---

[8]*Wallace*, 124 Wn.2d at 894.

[9]Br. of Appellant at 12.

[10]Br. of Resp't at 15.

[11]*Id.* at 14.

[12]*Accord: Krupp Realty Co. v. Joel*, 168 Ga. App. 480, 309 S.E.2d 641 (1983) ($50.00 per month late fee reasonable in light of landlord's costs); *Nylen v. Park Doral Apartments*, 535 N.E.2d 178 (Ind. Ct. App. 1989) ($2.00 per day late fee reasonable where landlord's damages depended on several variables); *Maplewood Management v. Jackson*, 113 Misc.2d 142, 448 N.Y.S.2d 966, 970 (1982) ($20.00 late fee imposed after the 10th day of the month not unconscionable). *Contra: Spring Valley Gardens Assoc. v. Earle*, 112 Misc.2d 786, 447 N.Y.S.2d 629, 631 (1982) ($50.00 late fee on a monthly rental amount of $405.00 constituted invalid penalty); *Hankin v. Armstrong*, 109 Misc.2d 709, 440 N.Y.S.2d 972 (1981) (1.00 per day late fee invalid because it exceeded the limit imposed by statute); *Sun Ridge Investors, Ltd. v. Parker*, 956 P.2d 876 (Okla. 1998) ($5.00 per day late fee unreasonable in absence of evidence of actual costs or difficulty in ascertaining costs); *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 597 A.2d 1280 (1991)

peal, pursuant to RCW 59.20.110, provided she complies with RAP 18.1.

Affirmed.

HOUGHTON and HUNT, JJ., concur.

($1.00 per day late fee unreasonable where landlord's costs were readily ascertainable).