■ HOLLYROOD PARK ASSOCIATES, by BARRY R. HILL, Respondent, v MERLE DINGMAN et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: In this summary proceeding to recover possession of an apartment the tenants appeal only from that part of the judgment which awarded the landlord respondent its attorney's fees. The proceedings were instituted when the tenants failed to pay rent for two months. Appellants' sole contention is that the trial court lacked jurisdiction to grant attorney's fees in a summary proceeding. Appellants argue that in the absence of a clear written designation in the lease that attorney's fees shall be considered as part of the provision for rent, no recovery for this item may be had. Paragraph 3 of the lease specifically provides, in pertinent part, under the heading "Rental" that "[i]f said rent is not paid * * * the Lessee shall pay the expenses and reasonable legal fees of the Lessor". The rational construction of this clause is that when the landlord is required to proceed against a tenant who is in default in the payment of rent, the necessary attorney's fees are to be treated as additional rent (Barrow Realty Corp. v Village Brewery Rest., 272 App Div 262; Morningside Studios v Lucille Hotel Corp., 70 Misc 2d 760; Matter of Ross v Novod, 163 NYS2d 787; Real Property Law, § 234; cf. Matter of Petrakakis v Crown Hotels, 3 AD2d 635). (Appeal from judgment of Onondaga County Court—summary proceeding.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.