■ NATHAN BENDERSON et al., Appellants, v HARRY R. POSS, JR., Respondent.—Order and judgment unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover accelerated rents under a clause of a lease of commercial property after defendant failed to make payments of common area charges and taxes as required by the lease agreement. Upon defendant's default which occurred 1½ years into the five-year term, plaintiffs elected to terminate the lease. On plaintiffs' motion for summary judgment, Special Term found that defendant had defaulted, but determined that plaintiffs forfeited their right to accelerate the rents by terminating the lease. Plaintiffs' recovery was limited to $422.36 in unpaid charges assessed prior to the lease termination.

An acceleration clause in a lease is a device intended to secure the tenant's obligation to perform a material element of the bargain and, in the absence of fraud, exploitive over-reaching or unconscionable conduct, its enforcement works no forfeiture *(Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 577-578). "This, of course, presumes that the sum reserved for liquidated damages is no greater than the amount the tenant would have paid had it fully performed and that the tenant would be entitled to possession upon payment" *(Fifty States Mgt. Corp. v Pioneer Auto Parks, supra,* at 578). Here, the defendant tenant was locked out of the leased premises and the lease relationship terminated. Thus, plaintiffs were not entitled to collect, as rents, subsequent installments thereof due under the lease *(see, International Publs. v Matchabelli,* 260 NY 451, 453).

Plaintiffs correctly argue that a landlord and tenant may contract for the tenant's continued liability after the termination of the landlord-tenant relationship *(International Publs. v Matchabelli, supra,* at 454). However, what survives after the termination of a lease is not a liability for rents, but a liability for damages *(International Publs. v Matchabelli, supra,* at 454). "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" *(Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 425). Were we to view the accelerated rent provision as one for liquidated damages, it would also be unenforceable since it would provide plaintiffs with damages "grossly disproportionate to the probable loss" *(Truck Rent-A-Center v Puritan Farms 2nd, supra,* at 425).

In addition to seeking actual damages in the amount of the unpaid common area charges and taxes, plaintiffs' complaint seeks only recovery of accelerated rent pursuant to paragraph 16 of the lease. Since the latter claim is unenforceable in these circumstances, Special Term properly limited plaintiffs' recovery to the amount of actual damages alleged in the complaint. (Appeal from order and judgment of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.