OPINION OF THE COURT
Patrick J. McGrath, J.
Petitioner has brought a petition for past due rent and late *995 charges in the amount of $29,100 (the total in paragraph 6 of the petition; the figure of $21,900 in the notice of petition is an obvious transposition of numbers and is erroneous), plus interest, costs, and disbursements.
Respondent has served an answer and counterclaim dated January 24, 1995, and petitioner has filed a response and reply dated February 2, 1995.
On January 25, 1995, the parties appeared before the court. The court requested that the parties address the issue of the court’s jurisdiction in the case, as the monetary limit in an action for a sum of money is $25,000. (NY Const, art VI, § 11; Judiciary Law § 190 [3].)
Three arguments are put forward to support this court’s jurisdiction, all presented in court on January 25,1995.
First, that pursuant to RPAPL article 7 this court has jurisdiction in relation to any amount requested as rent owed. Second, that the parties can consent to give this court jurisdiction. And third, that petitioner is willing to amend his petition to state that rent due is $11,100, not $29,100.
If the court has no jurisdiction, it cannot be acquired by amendment: "No subsequent amendment will confer what has never been acquired.” (Matter of Byrne v Padden, 248 NY 243, 247; McConnell v Williams S. S. Co., 239 App Div 393, 394-395.)
Nor may consent confer jurisdiction: "a County Court has no authority to entertain a case which is not within the limitation thus fixed.” (Heffron v Jennings, 66 App Div 443, 444.)
The only remaining issue is whether the court itself had jurisdiction based on the original petition.
The court does have jurisdiction in RPAPL article 7 proceedings. (RPAPL 701.) And, once obtaining that jurisdiction, it may dispose of the entire dispute, unless prohibited by Constitution or statute. (Matter of Byrne v Padden, supra, at 247.) Therefore, if this court obtained jurisdiction pursuant to RPAPL article 7, it has the power to fix the rent due no matter how high the amount, that issue being "an incidental matter” related to the purpose for which jurisdiction attached. (Matter of Byrne v Padden, supra, at 248; see also, Kutun v Kranz, 274 App Div 365, 367.) This incidental power to fix unlimited rent owed, however, is dependent upon the court’s primary jurisdiction of deciding the demand for recovery of possession.
*996 RPAPL article 7 is entitled "Summary Proceeding to Recover Possession of Real Property.” It states, in great detail, the legal requirements to make use of the article, and its purpose is to provide a procedure "to recover real property.” (RPAPL 701.)
It is uncontroverted by petitioner that he did not demand recovery of possession of the property in this action, that he is seeking money only. There is nothing in petitioner’s petition to indicate compliance with RPAPL 711 (2); 735, or 741, those sections directly related to the recovery of the real property. This lack of compliance is consistent with petitioner’s demand for only the rent due, not for recovery of possession and rent due.
A summary proceeding is a special proceeding governed entirely by statute. Therefore there must be strict compliance with the statutory requirements to confer jurisdiction on the court. (Main St. Mall Corp. v NR Store, 155 Misc 2d 118, 120; Teachers Coll. v Wolterding, 75 Misc 2d 465, 468.)
The court holds that the petitioner did not comply with the statutory requirements of RPAPL article 7 in order to confer jurisdiction over the primary issue of possession of the real property. Therefore, the court lacks jurisdiction to decide the incidental issue of rent owed and requested in the amount of $29,100. Accordingly, the petition is dismissed without prejudice.