OPINION OF THE COURT
John G. Pericak, J.
This action was commenced as a summary proceeding pursuant to RPAPL article 7 by a petition to recover possession of real property for nonpayment. The petitioner requested a warrant of eviction and a judgment. The request for a judgment *441 represented $62,618.49 for unpaid rent as of the date of the petition and $1,048,144.56 for accelerated rent from the date of the petition through the end of the term of the lease.
The respondent failed to appear at the hearing and proof of personal service was accepted by the court. Petitioner requested the above relief and cited the terms of the commercial lease agreement between the parties dated October 22, 1998, and modified by lease modification agreement dated March 22, 1999. Paragraph 17 (a) (vii) of the lease agreement provides that in the event the tenant has defaulted in the payment of rent and his default continues more than 10 days, the landlord may declare the entire rent for the balance of the term immediately due and payable. The petitioner has elected to pursue this option and request a judgment including such accelerated rent.
The issue in this summary proceeding is whether or not this court has subject matter jurisdiction to award accelerated rent pursuant to a written lease agreement. It appears that no court in this State has addressed this specific issue. However, reviewing pertinent statutory and common law, this court opines that it does not have subject matter jurisdiction over an application to seek an award of accelerated rent.
Section 17 of article VI of the New York Constitution provides that Justice Court jurisdiction is limited to that prescribed by the New York State Legislature (hereinafter the Legislature). With respect to summary proceedings, the Legislature has prescribed that Justice Courts shall have jurisdiction over “proceedings to recover possession of real property located in whole or in part within the municipality, to remove tenants therefrom, and to render judgment for rent due without regard to amount.” (UJCA 204.) RPAPL 701 (1) provides that “[a] special proceeding to recover real property may be maintained in a county court, the court of a police justice of the village, a justice court, a court of civil jurisdiction in a city, or a district court.”
Although this court has jurisdiction to render a judgment for unpaid rent (RPAPL 711 [2]), the issue remains whether accelerated rent under an accelerated rent clause included in a lease falls into the same class as unpaid rent due and owing and thereby eligible to be reduced to a judgment by a Justice Court.
A landlord and tenant may contract for accelerated rents due upon termination of the landlord-tenant relationship. (Olim Realty Corp. v Big John’s Moving, 250 AD2d 744 [2d Dept *442 1998].) The Court of Appeals has held that a landlord attempting to collect accelerated rents has no duty to mitigate his damages. (Holy Props. v Cole Prods., 87 NY2d 130 [1995].) The Court of Appeals, in concluding that the duty to mitigate does not apply to a commercial lease, noted in pertinent part: “leases have been historically recognized as a present transfer of an estate in real property.” (Supra, at 133.) “Although an eviction terminates the landlord-tenant relationship, the parties to a lease are not foreclosed from contracting as they please” (supra, at 134). The landlord in Holy Props, pursued an action for accelerated rents in the Supreme Court after obtaining a judgment and warrant of eviction in a separate summary proceeding. Although the Court of Appeals did not, as a result, have to deal with the issue of subject matter jurisdiction, it did apply reasoning applicable herein. The Court of Appeals differentiated between leases and contracts and held that a party may be liable for accelerated rent only if it agreed to such an obligation in writing. This conclusion implies that an accelerated rent provision is not a creature of statute that would embody its collection in the realm of a summary proceeding, but rather a creature of contract which would require a separate plenary action. Whether or not a lease classifies an accelerated rent provision as “rent”, the fact remains that no action may be brought for future rent in the absence of an acceleration clause. (Beaumont Offset Corp. v Zito, 256 AD2d 372 [2d Dept 1998]; Utility Garage Corp. v National Biscuit Co., 71 AD2d 578 [1st Dept 1979].) The termination of the lease by summary proceeding ends the landlord-tenant relationship leaving the tenant not with a liability for rent, but with a liability for damages. (Benderson v Poss, 142 AD2d 937 [4th Dept 1988].)
A summary proceeding is a special proceeding governed entirely by statute. As a result, the statutory requirements must be strictly complied with in order to confer jurisdiction on a Justice Court. (DiBello v Penflex, Inc., 165 Misc 2d 994 [Rensselaer County Ct 1995].) While a lease is a contract between a landlord and tenant wherein charges other than rent may be contractually defined as rent, a landlord’s ability to recover rent, whatever the definition, is limited by RPAPL 711 (see, Tivoli Assocs. v Wing, 122 Misc 2d 901 [Civ Ct, Kings County 1984]).
The Legislature devised the statutory scheme of summary proceedings to provide landlords with a simple, expeditious and inexpensive means of regaining possession of premises. (Parkchester Apts. Co. v Hawkins, 111 Misc 2d 896 [App Term, *443 1st Dept 1981]; Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [Civ Ct, NY County 1984].) Allowing a landlord to circumvent the more rigid procedural requirements of a plenary action to collect on what is essentially a contractual claim undermines the legislative intent. Otherwise, a landlord would be able to collect damages having nothing to do with the tenancy, although contractually so defined, in the less intrusive summary proceeding forum. Since these proceedings are statutory, strict compliance with all statutory provisions is demanded. (Zenila Realty Corp. v Masterandrea, supra, at 5.)
This court acknowledges that some courts in this State have awarded certain additional costs that the parties to a lease agreement contractually classified as rent. (See, e.g., Hollyrood Park Assocs. v Dingman, 57 AD2d 1053 [4th Dept 1977] [attorney’s fees]; Matter of Petrakakis v Crown Hotels, 3 AD2d 635 [3d Dept 1956] [taxes].) Those costs, however, do not possess the same character as accelerated rent — the compensation of a landlord for future damages. (See, Benderson v Poss, supra.)
Therefore, in accordance with the requirement of strict compliance with statutory authority (see, Zenila Realty Corp. v Masterandrea, supra), the petitioner’s request for a judgment for accelerated rent is denied without prejudice for lack of subject matter jurisdiction. The petitioner’s request for a warrant of eviction is granted as is the request for a judgment for unpaid rent due and owing in the amount of $62,618.49 plus costs.