[836 NYS2d 242]

Ross Realty, Appellant, v V & A Fabricators, Inc., Respondent.

Second Department, May 15, 2007

APPEARANCES OF COUNSEL

*Somer & Heller, LLP*, Commack (*Michael C. Marcus* of counsel), for appellant.

*Rabinowitz & Galina*, Mineola (*Gaylé A. Rosen* of counsel), for respondent.

## OPINION OF THE COURT

LUNN, J.

This appeal presents an issue of first impression for the Court. The question to be determined involves the interplay of summary eviction proceedings in a local district court, a rent acceleration clause in a commercial lease, subject matter jurisdiction in the local district court, and res judicata principles. The facts are largely undisputed. On or about April 1, 2003, the plaintiff landlord and defendant tenant entered into a commercial lease for a term of five years, commencing May 1, 2003. Shortly thereafter, the defendant became dissatisfied with the space, failed to pay the June 2003 rent, and abruptly vacated the premises. The plaintiff thereafter commenced a summary

proceeding in the Fifth District Court of Suffolk County for nonpayment of rent, for the June rent of $6,578.91, to recover possession of the property, and for attorney's fees. The proceeding was commenced pursuant to article 7 of the Real Property Actions and Proceedings Law and section 204 of the Uniform District Court Act. Immediately prior to the commencement of the nonjury trial, the plaintiff orally moved to amend its petition to also recover accelerated rent, as provided for in the lease, in the amount of $420,820. Following trial, the District Court found a surrender of the premises by operation of law and granted the plaintiff a judgment of possession and rent for the month of June 2003 in the amount of $6,578.91, plus costs and disbursements. The court declined to award the plaintiff accelerated rent or attorney's fees. The plaintiff appealed from the judgment to the Appellate Term for the Ninth and Tenth Judicial Districts. The Appellate Term affirmed the judgment, but for different reasons. The Appellate Term found there had been no surrender of the premises, but refused to award any accelerated rent upon the tenant's default, deeming that clause to be an unenforceable penalty due to the absence of any mitigation provision obligating the landlord to relet the premises upon recovery of possession. No further appeal was taken in that proceeding.

Subsequently, the plaintiff commenced this plenary action in the Supreme Court, Suffolk County. The complaint contains four causes of action. The first cause of action seeks to recover attorney's fees related to the prior District Court summary proceeding. The second cause of action requests approximately $20,000 in what it characterizes as "rental" payments for the months of July, August, and September 2003, during which the premises remained vacant. The third cause of action seeks to recover the difference between the rent the defendant was to pay and the rent the subsequent tenant paid, approximately $53,000.* In the fourth cause of action, the plaintiff seeks to recover attorney's fees pertaining to this action.

The defendant moved, inter alia, for summary judgment dismissing the complaint upon the ground that it was barred by the doctrine of res judicata based upon the prior District Court proceeding. The defendant further moved for summary judgment on its counterclaim for return of a portion of its security deposit. The plaintiff cross-moved for summary judgment on

* In October 2003, the plaintiff apparently relet the premises to a new tenant, but at a lower rate than the subject lease with the defendant.

the issue of liability, to strike defendant's affirmative defenses, and to dismiss its counterclaim. The Supreme Court granted the defendant's motion and dismissed the complaint on the ground of res judicata, finding that the prior summary proceeding precluded the instant action. The court further awarded the defendant judgment on its counterclaim in the amount of $6,578.91. This appeal followed, and we reverse the judgment.

■ The Supreme Court properly granted the defendant's motion for summary judgment with respect to plaintiff's first cause of action to recover attorney's fees. The defendant made a prima facie showing of entitlement to judgment as a matter of law on this claim. The plaintiff sought the identical relief in the prior summary proceeding and the District Court denied the claim. The District Court was in all respects a court of competent jurisdiction to make such an award of legal fees (*see Hollyrood Park Assoc. v Dingman*, 57 AD2d 1053 [1977]). Thus, this cause of action, involving the same parties and the same transaction, is barred by the doctrine of res judicata and was properly dismissed (*see Beck v Eastern Mut. Ins. Co.*, 295 AD2d 740 [2002]).

■ The court erred, however, in granting the defendant summary judgment as to the second, third, and fourth causes of action. Once the plaintiff succeeded in its summary proceeding, the parties' relationship as landlord and tenant terminated, and whatever monetary liability the tenant may have had to the landlord at that point was no longer in the nature of rent, but was in the nature of contract damages (*see International Publs. v Matchabelli*, 260 NY 451, 453-454 [1933]). Such damages are not within the subject matter jurisdiction of courts, such as the District Court, to grant in connection with a summary proceeding under section 204 of the Uniform District Court Act and RPAPL article 7.

The res judicata effect, if any, to be given in the instant plenary action clearly hinges on the limits of the subject matter jurisdiction which the District Court had in the original summary proceeding before it. If the District Court lacked subject matter jurisdiction to entertain the damages claims now raised, res judicata would not be a bar to the present action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *210 W. 29th St. Corp. v Chohan*, 13 AD3d 613 [2004]). Conversely, if the District Court had jurisdiction to award accelerated "rent" and denied the claim, then the plaintiff would be barred from relitigating the same claim involving the same parties and the same premises in this plenary action.

The subject matter jurisdiction of this local court for the purposes of summary proceedings is found in Uniform Dist Ct Act § 204, which provides in relevant part: "The court shall have jurisdiction of summary proceedings to recover possession of real property located in whole or in part within, . . . to remove tenants therefrom, *and to render judgment for rent due without regard to amount*" (emphasis added). Other local court acts have essentially identical provisions allowing the court in the context of a summary proceeding to render judgment for "rent due without regard to amount" (*see e.g.* Uniform Justice Ct Act § 204; NY City Civ Ct Act § 204; Uniform City Ct Act § 204). Thus, the issue clearly framed for purposes of res judicata analysis is whether "accelerated rent" constitutes "rent due" within the meaning of those statutes. We determine that it does not.

This Court fully concurs with the reasoning and conclusions reached in *Marketplace v Smith* (181 Misc 2d 440 [1999]). In that case, in connection with a summary proceeding to regain possession of property for nonpayment of rent, a commercial landlord asked the local court to award it accelerated "rent" exceeding $1 million. In denying that claim, the court explained in relevant part that:

> "The legislature devised the statutory scheme of summary proceedings to provide landlords with a simple, expeditious and inexpensive means of regaining possession of premises . . . Allowing a landlord to circumvent the more rigid procedural requirements of a plenary action to collect on what is essentially a contractual claim undermines the legislative intent. Otherwise, a landlord would be able to collect damages having nothing to do with the tenancy, although contractually so defined, in the less intrusive summary proceeding forum" (*Marketplace*, 181 Misc 2d at 442-443).

Therefore, even assuming the second and third causes of action were subsumed within the claim for accelerated rent which the plaintiff made in the prior District Court proceeding, the District Court was without jurisdiction to entertain that claim since accelerated rent is not "rent due," but contractual damages not recoverable in a summary proceeding. Thus, the judgment entered in the summary proceeding is no bar to the plaintiff seeking those damages in this plenary action. Res judicata is inapplicable where a party is unable to seek a certain

remedy or form of relief in the first action because of limitations on the subject matter jurisdiction of the court or restrictions on its authority to entertain multiple remedies or forms of relief in a single action (*see Parker v Blauvelt Volunteer Fire Co., supra* at 349). Nor is the fourth cause of action barred by the principles of res judicata, since the plaintiff's claim in that cause of action is for recovery of an attorney's fee generated purely in connection with this present action. Thus, in light of the defendant's failure to make a prima facie showing of entitlement to judgment as a matter of law with respect to the second, third, and fourth causes of action, the Supreme Court erred in granting that branch of the defendant's motion which sought their dismissal.

Finally, the defendant was not entitled to summary judgment on its counterclaim which sought a refund of a portion of the security deposit it paid to the plaintiff. Since questions of fact remain as to the amounts, if any, the defendant owes to the plaintiff in the event the plaintiff establishes one or more of the remaining causes of action, it follows that questions of fact also remain as to the amounts, if any, plaintiff owes the defendant on the latter's counterclaim. Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment on its counterclaim.

By reason of the Supreme Court's disposition of the defendant's motion, it denied plaintiff's cross motion without discussion presumably because it deemed the cross motion to be rendered academic by the court's determination. In light of our decision and disposition herein, the Supreme Court must consider the cross motion on remittal (*see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835 [2006]).

The appeal from the intermediate order dated October 27, 2005, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]). Accordingly, the appeal from the order is dismissed, the judgment is reversed, those branches of the defendant's motion which were for summary judgment dismissing the second, third, and fourth causes of action, and for summary judgment on the counterclaim are denied, the second, third, and fourth causes of action are reinstated, the order dated October 27, 2005, is modified accordingly, and the matter is remitted to the Supreme

Court, Suffolk County, for further proceedings in accordance with this opinion and order.

MILLER, J.P., MASTRO and FISHER, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further

Ordered that the judgment is reversed, on the law, those branches of the defendant's motion which were for summary judgment dismissing the second, third, and fourth causes of action, and for summary judgment on its counterclaim, are denied, the second, third, and fourth causes of action are reinstated, the order dated October 27, 2005, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance with this opinion and order; and it is further,

Ordered that the plaintiff is awarded one bill of costs.