■ LANDMARK PROPERTIES, Respondent, v EDWARD OLIVO, Appellant, et al., Defendant. [881 NYS2d 110]—

In an action to recover damages for breach of a lease, the defendant Edward Olivo appeals from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 10, 2008, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him and granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover an attorney's fee insofar as asserted against him.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Edward Olivo which was for summary judgment dismissing so much of the cause of action to recover an attorney's fee as is referable to fees incurred prior to the entry of the judgment of eviction dated May 14, 2003, in the underlying landlord-tenant proceeding entitled *Matter of Landmark Properties v Olivo,* commenced in the District Court, Nassau County, under index No. SP 1148/02, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on so much of the cause of action to recover an attorney's fee as is referable to fees incurred prior to the entry of the judgment of eviction and substituting therefor a provision denying that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is the former landlord of the defendant Edward Olivo. In 2002 the plaintiff commenced a summary proceeding to evict Olivo from the leased premises, based upon the harboring of a pet in violation of the lease. The lease provided, inter alia, that the landlord could recover "reasonable attorneys fees" in connection with a successful summary proceeding. After a nonjury trial in the District Court, Nassau County, the plaintiff was successful and was awarded judgment of possession. With respect to the issue of the award of an attorney's fee in that proceeding, the District Court stated, in an order dated December 26, 2002, that although the lease permitted recovery of such fees, "the notice of petition and the petition itself do not request the awarding of legal fees [and u]nder these circumstances, the court declines to award legal fees in this summary proceeding."

Thereafter, the plaintiff commenced this action in the Supreme Court, Nassau County, to recover damages for breach of the lease, including an award of an attorney's fee. Olivo and his codefendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the prohibition on splitting a cause of action precluded the plaintiff from seeking an award of an attorney's fee in a plenary action. The Supreme Court denied the motion, holding, in part, that the attorney's fee which was incurred by the plaintiff "subsequent to the December 26, 2002 decision [of the District Court] would not be precluded." We modify.

Where a lease permits the landlord to recover an attorney's fee in the event of a tenant's default or eviction, the claim for

such a fee must be asserted in the summary proceeding (*see 930 Fifth Corp. v King,* 42 NY2d 886 [1977]; *222 Bloomingdale Rd. Assoc. v NYNEX Props. Co.,* 269 AD2d 525 [2000]; *Wavertree Corp. v 136 Waverly Assoc.,* 258 AD2d 392 [1999]). Further, a separate, plenary action to recover that attorney's fee constitutes the splitting of a cause of action, which is prohibited (*see 930 Fifth Corp. v King,* 42 NY2d at 887). As to the attorney's fee incurred up to the time that the plaintiff obtained the judgment of eviction, the plaintiff should have pursued its claim at the time it sought Olivo's eviction (*see 930 Fifth Corp. v King,* 42 NY2d at 887; *Ross Realty v V & A Fabricators, Inc.,* 42 AD3d 246, 249 [2007]). However, as to the attorney's fee alleged to have been incurred after the entry of the judgment of eviction, the plaintiff could not have reasonably anticipated incurring such a fee at the time the petition in the summary District Court proceeding was served, and therefore it may properly seek that fee in this action (*see Syracuse Assoc. v Touchette Corp.,* 73 AD2d 813 [1979]). Fisher, J.P., Covello, Dickerson and Leventhal, JJ., concur.