THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOREN STANLEY, Appellant. [890 NYS2d 827]

The court properly exercised its discretion in denying youthful offender treatment. In any event, since defendant is now serving an aggregate term of 50 years to life for subsequent convictions of murder and other crimes, it would serve no legitimate purpose to grant him youthful offender treatment on this case. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.

SANNON-STAMM ASSOCIATES, INC., Appellant, v KEEFE, BRUYETTE & WOODS, INC., Respondent. [890 NYS2d 828]—

The doctrine of res judicata may be invoked in instances of claim splitting to prohibit a plaintiff from bringing an action for only part of his claim; the judgment obtained in that action would preclude him from bringing a second action for the residue of the claim (*see Stoner v Culligan, Inc.*, 32 AD2d 170, 171-172 [1969]).

Here, however, since the issues relating to the nonpayment of the subsequent installments of the placement fee had not matured when the Civil Court action was brought for nonpayment of the first installment of the referral fee, and consequently had never been litigated, this action is not barred by res judicata (*see Gelb v Hatton*, 128 AD2d 501, 501-502 [1987]). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.