Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 23, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff cooperative’s motion to restore the action and for additional attorneys’ fees incurred after entry of the judgment, unanimously affirmed, with costs. Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 25, 2013, which, to the extent appealed from as limited by the briefs, denied defendant cooperative’s motion to restore the action and for additional attorneys’ fees incurred after entry of the judgment, unanimously affirmed, with costs.
The cooperative’s applications for additional attorneys’ fees are not precluded by res judicata, collateral estoppel or law of the case because such later-incurred fees were not and could not have been sought in the orders and judgments awarding attorneys’ fees, and the cooperative’s right to such fees had not been necessarily decided (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Jumax Assoc. v 350 Cabrini Owners Corp., 110 AD3d 622 [1st Dept 2013]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 92-93 [1st Dept 2013]; Ferolito v Vultaggio, 115 AD3d 541 [1st Dept 2014]). Contrary to defendants Steven R. Lapidus and Iris R. Lapidus’s contention, the language in the order granting attorneys’ fees until the date of eviction was not a limitation. Similarly, the additional attorneys’ fees are not precluded by the prohibition against splitting causes of action, because the claims for supplemental fees did not exist when the attorneys’ fees were awarded in the judgments, were distinct *561 claims, and were being sought in a single action (see SannonStamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678 [1st Dept 2009]; Murray, Hollander, Sullivan & Bass v HEM Research, 111 AD2d 63, 66 [1st Dept 1985]; Landmark Props. v Olivo, 62 AD3d 959, 961 [2d Dept 2009]).
However, the motion courts correctly perceived that pending legal issues in Supreme Court, Suffolk County, regarding the cooperative’s claimed entitlement to supplemental attorneys’ fees and its claimed right to deduct them from the proceeds of the sale of the Lapiduses’ unit warranted the determination of related issues in that forum.
We have considered the cooperative’s other contentions and find them unavailing.
Concur—Sweeny, J.E, Renwick, Andrias, Richter and Kapnick, JJ.