UBS Sec. LLC v Highland Capital Mgt., L.P. (2018 NY Slip Op 01652)





UBS Sec. LLC v Highland Capital Mgt., L.P.


2018 NY Slip Op 01652


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Richter, J.P., Webber, Kern, Moulton, JJ.


650097/09 4835 4834

[*1]UBS Securities LLC, et al., Plaintiffs-Respondents-Appellants,
v
Highland Capital Management, L.P., et al., Defendants-Appellants-Respondents, Highland Security Opportunities Holding Company, et al., Defendants-Appellants.


Lackey Hershman, L.L.P., New York (Kieran M. Corcoran of counsel), for appellants and appellants-respondents.
Kirkland & Ellis LLP, New York (Andrew B. Clubok of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about March 27, 2017, which granted the motions for summary judgment of defendants Highland CDO Opportunity Master Fund, L.P., Highland Special Opportunities Holding Company, Highland Capital Management, L.P., Highland Financial Partners, L.P., Highland Credit Opportunities CDO, L.P., and Strand Advisors, Inc. to the extent of dismissing the claim for breach of implied covenant against defendant Highland Capital, and otherwise denied the motions, unanimously affirmed, without costs.
In a prior order in this case, we dismissed, on res judicata grounds, the fraudulent conveyance and breach of implied covenant causes of action, as against one defendant, solely to the extent that they relied on conduct pre-dating the February 24, 2009 commencement of the prior action (86 AD3d 469, 469 [1st Dept 2011]. However, we also held that "to the extent that [those] causes of action . . . rely on conduct alleged to have occurred after the commencement of the prior action, such claims should be allowed" (id. at 476 [emphasis added]). We reiterated this point in a subsequent order, wherein we dismissed the fraudulent conveyance claim, as against several other defendants, only "with respect to claims arising before February 2009" (93 AD3d 489, 490 [1st Dept 2012]).
In this appeal, the conduct underlying the fraudulent conveyance and breach of implied covenant claims took place after the February 24, 2009 commencement of the prior action. In view of this Court's prior decisions, which explicitly contemplated the survival of such post-February 24, 2009 claims, there is no merit to defendants' contention that res judicata applies. This result is consistent with the legal principles underlying res judicata. "Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Hunter, 4 NY3d 260, 269 [2005] [emphasis added]).
In contrast, where a claim could not have been raised in the prior litigation because it had not yet matured, res judicata does not apply (1050 Tenants Corp. v Lapidus, 118 AD3d 560, 560-561 [1st Dept 2014]; Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678 [1st Dept 2009]; Indosuez Intl. Fin. v National Reserve Bank, 304 AD2d 429 [1st Dept 2003]; see Lawlor v National Screen Serv. Corp., 349 US 322, 328 [1955]). Because the conduct at issue here took place after the commencement of the prior action, there is no res judicata bar to the fraudulent conveyance and breach of implied covenant claims arising from that post-[*2]commencement conduct (see TechnoMarine SA v Giftports, Inc., 758 F3d 493, 499 [2d Cir 2014] ["a claim arising subsequent to a prior action . . . (is) not barred by res judicata even if the new claim is premised on facts representing a continuance of the same course of conduct"] [emphasis added] [internal quotation marks omitted]).
We agree with the motion court's reasons for denying dismissal of the cause of action asserting liability based on an alter ego theory. There is no dispute that plaintiffs are precluded from pursuing fraudulent conveyance and breach of implied covenant claims that arose prior to February 24, 2009. However, neither our prior decisions nor the doctrine of res judicata bars plaintiffs from introducing evidence of pre-February 24, 2009 conduct to the extent necessary to prove, with respect to post-February 24, 2009 conduct, their alter ego, fraudulent conveyance and breach of implied covenant claims.
The court correctly rejected defendants' arguments in support of dismissal of the remaining claims at issue. Issues of fact exist with respect to whether UBS suffered any recoverable contract damages, and as to whether it can establish justifiable reliance to support its claims that defendants committed fraud by misrepresenting their creditworthiness or the assets they owned prior to entering the transaction.
We take judicial notice of the decision of the trial court, dated September 19, 2017, which granted plaintiffs leave to reargue the dismissal of the claim for breach of implied covenant against defendant Highland Capital, and upon reargument, held that the claim should be reinstated. To the extent this decision has rendered moot plaintiffs' cross appeal of that part of the order on appeal, we exercise our broad discretionary authority to reach beyond the scope of defendants' notices of appeal to review the merits of that order, as the same issues have been briefed on the cross appeal, and we find that the trial court properly reinstated this claim.
The Decision and Order of this Court entered herein on October 31, 2017 (154 AD3d 631 [1st Dept 2017]) is hereby recalled and vacated (see M-6096 and M-6347, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK