Matter of Chodkowski v County of Nassau (2020 NY Slip Op 01058)





Matter of Chodkowski v County of Nassau


2020 NY Slip Op 01058


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-06578 
2018-10868
 (Index No. 614183/17)

[*1]In the Matter of Susan Chodkowski, et al., appellants,
v
County of Nassau, respondent.


Law Offices of Louis D. Stober Jr., LLC, Mineola, NY, for appellants.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Deanna D. Panico of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered April 13, 2018, and (2) an order of the same court entered August 29, 2018. The order entered April 13, 2018, insofar as appealed from, denied that branch of the petition which was pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc and dismissed that portion of the proceeding. The order entered August 29, 2018, insofar as appealed from, denied that branch of the petitioners' motion which was for leave to renew that branch of the petition which was pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc.
ORDERED that the order entered April 13, 2018, is reversed insofar as appealed from, on the law, that branch of the petition which was pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
ORDERED that the appeal from the order entered August 29, 2018, is dismissed as academic in light of our determination on the appeal from the order entered April 13, 2018; and it is further,
ORDERED that one bill of costs is awarded to the petitioners.
On October 17, 2016, the petitioners commenced an action in the United States District Court for the Eastern District of New York (hereinafter the federal court) against the County of Nassau, alleging, inter alia, violations of certain New York Labor Law provisions regarding overtime. In an order dated November 30, 2017 (hereinafter the 2017 federal order), the federal court dismissed the New York Labor Law claims for failure to file a timely notice of claim (see County Law § 52; General Municipal Law § 50-e).
By petition dated December 28, 2017, the petitioners commenced this proceeding seeking, inter alia, leave to deem a late notice of claim served and filed on March 22, 2017, timely served nunc pro tunc pursuant to General Municipal Law § 50-e(5). In an order entered April 13, 2018, the Supreme Court denied the petition and dismissed the proceedings on the grounds that the issue had been determined by the federal court in the 2017 federal order and thus the petition was barred by the doctrines of collateral estoppel and res judicata. Thereafter, as is relevant to this appeal, the petitioners moved for leave to renew that branch of their petition which was for leave to deem the late notice of claim timely served nunc pro tunc. In an order entered August 29, 2018, the court denied that branch of the petitioners' motion which was for leave to renew. The petitioners appeal from both orders.
Contrary to the Supreme Court's determination, so much of the petition as sought leave to deem the late notice of claim timely served nunc pro tunc is not barred by the doctrines of collateral estoppel and res judicata. Although collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue which was raised and decided in a prior action or proceeding (see Williams v New York City Tr. Auth., 171 AD3d 990), the issue of whether the petitioners could obtain leave to deem the late notice of claim timely served nunc pro tunc pursuant to General Municipal Law § 50-e(5) was not litigated or decided by the 2017 federal order. As the issue was not litigated, the petitioners are not precluded from raising it (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788; Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 178, affd 13 NY3d 511).
Res judicata also is inapplicable to so much of the petition as sought leave to deem the late notice of claim timely served nunc pro tunc. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Abraham v Hermitage Ins. Co., 47 AD3d 855, 855; see Ross Realty v V & A Fabricators, Inc., 42 AD3d 246, 250-251). Since the federal court was without jurisdiction to determine whether the petitioners could obtain leave to deem the late notice of claim timely served nunc pro tunc (see General Municipal Law § 50-e[7]), the petitioners are not precluded by the doctrine of res judicata from seeking a determination of this issue (see Ross Realty v V & A Fabricators, Inc., 42 AD3d at 250-251).
Accordingly, we reverse the order entered April 13, 2018, insofar as appealed from, and remit the matter to the Supreme Court, Nassau County, for a new determination, on the merits, of that branch of the petition which was for leave to deem the late notice of claim timely served nunc pro tunc.
In light of our determination, the appeal from so much of the order entered August 29, 2018, as denied that branch of the petitioners' motion which was for leave to renew that branch of their petition which was for leave to deem the late notice of claim timely served nunc pro tunc has been rendered academic.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court