Matter of Police Benevolent Assn. of the City of N.Y. v City of New York (2023 NY Slip Op 01874)

Matter of Police Benevolent Assn. of the City of N.Y. v City of New York

2023 NY Slip Op 01874

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Index No. 151531/22 Appeal No. 20-21&M-2023-00805 Case No. 2022-04464, 2022-05315 

[*1]In the Matter of Police Benevolent Association of the City of New York, etc., et al., Plaintiffs-Petitioners/Respondents-Appellants,
v
City of New York et al., Defendants-Respondents/Appellants- Respondents.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for appellants-respondents.
Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Matthew C. Daly of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 23, 2022, as amended by order, same court and Justice, entered November 23, 2022, which granted the petition to the extent of ordering that the COVID-19 vaccination mandate is invalid insofar as it imposed a new condition of employment on current members of petitioner Police Benevolent Association of the City of New York, Inc. (PBA) and insofar as it seeks enforcement in any manner other than monetary sanctions, and ordering that PBA members who were wrongfully terminated or put on leave without pay as a result of noncompliance with the new condition of employment are to be reinstated to their status as of the date of the wrongful action and to receive reinstatement of pay, removal from leave without pay, payment of back pay, and all other benefits lost for the periods they were caused to be without pay, unanimously reversed, on the law, without costs, respondents' cross motion granted, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
This article 78 proceeding is barred under the doctrine of res judicata. The matters raised in this petition were the subject of a prior article 78 proceeding in Richmond County, in which the court issued a valid final judgment on the merits, denying the petition and dismissing the proceeding (Matter of Police Benevolent Assoc. of The City of New York, Inc. v de Blasio, Sup Ct., Richmond County, Feb. 16, 2022, Colon, J.,Index No. 85229/21). Furthermore, the claims in this proceeding are substantially similar to claims that the court in the Richmond County proceeding declined to address on the grounds that they were raised for the first time in reply; petitioners could have raised those claims properly by including them in the petition or by seeking leave to amend the petition (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678, 678 [1st Dept 2009]). M-2023-00805 - Motion for leave to file amicus curiae brief granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023