Matter of Oustatcher v Clark (2025 NY Slip Op 02652)

Matter of Oustatcher v Clark

2025 NY Slip Op 02652

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, Michael, JJ. 

Index No. 814487/21 805885/22|Appeal No. 4242-4243|Case No. 2023-02708 2023-02710|

[*1]In the Matter of Adam Oustatcher, Petitioner-Appellant,
v
Darcel Clark, in Her Official Capacity as the District Attorney of Bronx County, and The Bronx County Office of the District Attorney, Respondent-Respondent. 

Adam Oustatcher, Garden City, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (David M. Cohn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 24, 2023, denying the petition to compel respondent to produce records in response to various requests made in accordance with the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order and judgment (one paper), same court (Wilma Guzman, J.), entered April 13, 2023, which, to the extent appealed from as limited by the briefs, denied petitioner's request for an award of costs and attorney's fees in accordance with Public Officers Law § 89(4)(c), unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in finding genuinely extraordinary circumstances warranting its sua sponte consideration of the doctrine of res judicata for the fourth petition (see Jones v Maples, 286 AD2d 639 [1st Dept 2001]; Wehringer v Brannigan, 232 AD2d 206 [1st Dept 1996]; see also Myung Chun v N. Am. Mortg. Co., 285 AD2d 42, 45 [1st Dept 2001]). Petitioner has submitted a large volume of FOIL requests to respondents, and has also commenced four separate CPLR article 78 proceedings concerning the handling of his various FOIL requests. Supreme Court has now issued multiple judgments on these overlapping petitions, leading to multiple appeals. Furthermore, as the court aptly noted, at least the second, third, and fourth petitions largely overlap, involve substantially similar factual and legal issues, and seek substantially similar relief. Nonetheless, petitioner failed to seek to amend any of the prior petitions to include the claims now raised in his fourth petition, did not seek to consolidate the proceedings, and did not even disclose any related matters in the request for judicial intervention.
Thus, under the unique circumstances, the court properly determined that res judicata precluded the litigation on the fourth petition (see generally Simmons v Trans Express Inc., 37 NY3d 107, 111 [2021]). Petitioner could have incorporated the claims raised in at least one of two prior petitions, or could have at least sought leave to amend one of those petitions, but failed to do so (see Matter of Police Benevolent Assn. of the City of N.Y., Inc. v City of New York, 215 AD3d 463, 463 [1st Dept 2023]; see also Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678, 678 [1st Dept 2009]). In any event, even if we were to consider the substantive claims raised in the fourth petition, we find that petitioner has failed to establish that respondents' determination of his various FOIL requests was affected by an error of law (see Matter of Oustatcher v Clark, 217 AD3d 478, 479 [2023] lv denied 40 NY3d 908 [2023]).
Finally, no fee award was appropriate under Public Officers Law § 89(4)(c), as petitioner did not substantially prevail in either one of these proceedings. As to the petitioner's second petition in particular, we note that the record does not establish that [*2]respondents provided the requested document in response to the commencement of the article 78 proceeding (see Matter of Friedland v Maloney, 148 AD2d 814, 815-816 [3d Dept 1989]; see also Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp., 197 AD3d 808, 809 [3d Dept 2021], lv denied 38 NY3d 905 [2022]; Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1498 [4th Dept 2018]).
We have considered petitioner's remaining arguments find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025