Lana, LLC v Coffie (2025 NY Slip Op 04560)

Lana, LLC v Coffie

2025 NY Slip Op 04560

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01533
 (Index No. 515532/15)

[*1]Lana, LLC, appellant, 
v
Lucon Coffie, et al., respondents, et al., defendants.

Morris K. Mitrani, P.C., Great Neck, NY, for appellant.
Mangan Louis LLP, New York, NY (Michael P. Mangan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover unpaid rent, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 21, 2022. The order, insofar as appealed from, granted those branches of the cross-motion of the defendants Lucon Coffie and Claire St. Louis which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss the first through fourth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross-motion of the defendants Lucon Coffie and Claire St. Louis which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss the first through third causes of action, and so much of the fourth cause of action as sought to recover rent and use and occupancy costs that accrued after March 31, 2020, insofar as asserted against them, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
Lucon Coffie was the tenant of an apartment in a building owned by Lana, LLC (hereafter Lana). In March 2015, Lana commenced a holdover proceeding in the Civil Court, Kings County, against Coffie and Claire St. Louis, among others. In the petition, Lana sought a judgment awarding it possession of the apartment, rental arrears, and use and occupancy costs for the period of time after the expiration of the subject lease.
In December 2015, Lana commenced this action against Coffie and St. Louis, among others, inter alia, to recover unpaid rent. The amended complaint alleged that Lana needed access to the apartment to make necessary repairs, and Coffie and St. Louis denied access in violation of the lease, Rent Stabilization Code (9 NYCRR) § 2524.3(e), and Administrative Code of the City of New York § 27-2008. The first cause of action sought a judgment declaring that Coffie and St. Louis violated the terms of the lease and those code provisions. The second cause of action sought to recover damages related to those violations and the improper subletting of the apartment by Coffie to St. Louis in violation of the terms of the lease and Real Property Law § 226-b. The third cause of action sought an award of attorneys' fees from Coffie related to the first and second causes of action pursuant to the terms of the lease. The fourth cause of action sought to recover rent and use and occupancy costs from Coffie and St. Louis.
After a trial in the holdover proceeding, the Civil Court issued a judgment in favor of Lana, inter alia, awarding it possession of the apartment and directing the issuance of a warrant of eviction, the execution of which was stayed until March 31, 2020. Coffie and St. Louis subsequently cross-moved in this action, among other things, in effect, pursuant to CPLR 3211(a)(5) to dismiss the first through fourth causes of action insofar as asserted against them as barred by the doctrine of res judicata. In an order dated December 21, 2022, the Supreme Court, inter alia, granted those branches of the cross-motion. Lana appeals.
"The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959 [internal quotation marks omitted]; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72; Gregg v Chen, 220 AD3d 697, 698). "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations" (Bayer v City of New York, 115 AD3d 897, 898). "Res judicata is inapplicable where a party is unable to seek a certain remedy or form of relief in the first action because of limitations on the subject matter jurisdiction of the court or restrictions on its authority to entertain multiple remedies or forms of relief in a single action" (Ross Realty v V & A Fabricators, Inc., 42 AD3d 246, 250-251; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Matter of Chodkowski v County of Nassau, 180 AD3d 778, 780).
Special proceedings to recover possession of real property are governed by article 7 of the Real Property Actions and Proceedings Law (see RPAPL 701[1]; 711; see also New York City Civil Court Act § 204). Pursuant to RPAPL 741(5), relief in such a proceeding "may include a judgment for rent due, and for a period of occupancy during which no rent is due, for the fair value of use and occupancy of the premises if the notice of petition contains a notice that a demand for such a judgment has been made."
Here, the Supreme Court erred in granting those branches of the cross-motion of Coffie and St. Louis which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them. The Civil Court lacked subject matter jurisdiction to entertain each of those causes of action in the holdover proceeding, and therefore, those causes of action insofar as asserted against Coffie and St. Louis were not precluded by the doctrine of res judicata (see Fifth Line, LLC v Fitch, 167 AD3d 847, 849; Ross Realty v V & A Fabricators, Inc., 42 AD3d at 249; see also RPAPL 711, 741[5]). Moreover, inasmuch as the third cause of action sought an award of attorneys' fees in connection with the first and second causes of action, those fees could not have been sought in the Civil Court, and therefore, the third cause of action also was not precluded by the doctrine of res judicata (see 1050 Tenants Corp. v Lapidus, 118 AD3d 560, 560; Landmark Props. v Olivo, 62 AD3d 959, 960-961).
The Supreme Court also erred in granting that branch of the cross-motion of Coffie and St. Louis which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss so much of the fourth cause of action as sought to recover rent and use and occupancy costs that accrued after March 31, 2020, insofar as asserted against them.
A landlord may recover rent and use and occupancy costs in a summary proceeding to recover real property (see RPAPL 741[5]), and therefore, the Supreme Court correctly determined that the doctrine of res judicata precluded Lana from seeking in this action the rent and use and occupancy costs that were the subject of the holdover proceeding, or that could have been raised therein. However, according to Lana, during the period after March 31, 2020, and until Coffie and St. Louis were evicted—a period which exceeded two years—Coffie and St. Louis apparently were able to retain their tenancy as a result of an eviction moratorium related to the COVID-19 pandemic. Under these unique circumstances, Coffie and St. Louis failed to demonstrate that the rent and use and occupancy costs that accrued after March 31, 2020, were sufficiently related in time, origin, or [*2]motivation so as to qualify as arising out of the same transaction asserted in the holdover proceeding for the purposes of applying the doctrine of res judicata (cf. 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 966). Accordingly, the court erred in granting that branch of the cross-motion of Coffie and St. Louis which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss so much of the fourth cause of action as sought to recover rent and use and occupancy costs that accrued after March 31, 2020, insofar as asserted against them.
The remaining contention of Coffie and St. Louis is without merit.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court